## METZGER DAIRIES v. WHARTON.

### SAME v. WARD.

#### Nos. 1767, 1745.

Court of Civil Appeals of Texas. Eastland.

Jan. 28, 1938.

**676**

Hirsch, Susman & Westheimer, of Houston, for appellants.

Morris Pepper, of Houston, for appellee.

LESLIE, Chief Justice.

For the purpose of briefing and disposition in this court the two above-styled and numbered causes have been consolidated. The conclusions reached by this court in the disposition of one of them will work a like disposition of the other.

Frank B. Wharton, a minor, acting by his mother, Mrs. D. L. Gentry, as next friend, sued Carl Metzger and David Metzger; a partnership doing business under the firm name of Metzger Dairies, for damages suffered from alleged injuries caused him by drinking milk containing glass sold to them by the defendants in Harris county, Tex., where this suit was instituted. In the companion case, Emma Ward sued the same defendants alleging the same type of injury suffered by her from drinking some of the same milk.

Carl and David Metzger each reside in Dallas county, Tex. They filed their plea of privilege to be sued in the county of their residence. A controverting affidavit was filed by the plaintiffs in each of the above cases. They seek to hold the venue of said cases in Harris county under exception 9 to the general venue statute, article 1995, R.S.1925, on the theory that the defendants in selling said milk committed a trespass against them in that county.. A trial before the court resulted in a judgment overruling each plea of privilege, and the Metzgers appeal, assigning as error the action of the trial court in overruling the pleas of privilege on the ground that a "trespass" within the purview of said exception had been committed against plaintiffs in Harris county.

The controverting affidavits refer, respectively, to the plaintiffs' petitions, and expressly make them a part of same. The controverting affidavits in the outset allege in general terms that the injuries and damages suffered and sustained by them as the result of consuming said milk with glass in it "were solely and proximately due to and caused by the negligence and carelessness of the defendants, their agents and servants and/or employees." After extensive allegations of negligence in general terms the plaintiffs alleged the acts of negligence in specific terms and in numerous and divers ways in the controverting affidavits as follows:

"(a) In then and there negligently bottling and sealing in said bottle of milk particles of glass;

"(b) In then and there negligently permitting foreign particles or pieces of glass to enter into said milk;

"(c) In then and there negligently permitting said glass to remain in said bottle of milk after bottling and sealing the same;

"(d) In putting the said bottle of milk on the market containing particles or pieces of glass therein;

"(f) In negligently delivering said bottle of milk to the public, and especially these plaintiffs, without having first removed therefrom the said particles or pieces of glass;

"(g) In negligently selling to the public, and especially these plaintiffs, said bottle of milk containing said pieces or particles of glass;

"(i) In then and there negligently delivering for human consumption said bottle of milk containing pieces and particles of glass without first knowing whether or not same was fit for human consumption.

"That all of the above mentioned acts of negligence, constituting said trespass, occurred, as aforesaid, in the County of Harris, State of Texas."

█ It is true that the grounds of negligence designated (a), (d), (f), (g), and (i) are averred in the form of active negligence. However, the rule that allegations of specific acts or omissions as negligent will control and supersede more general allegations has application here. If, as alleged in (b) or (c), the defendants were negligent "in * * * permitting foreign particles of glass to enter into said milk" or "to remain in said bottle of milk after bottling and sealing same," and such was the proximate cause of the injuries, then it is clear that putting the bottle of milk on the market or "delivering said bottle of milk to the public" or "selling same to the public and * * * these plaintiffs" constituted no additional or independent negligence. In other words, the acts charged in the form of active negligence in (a), (d), (f), (g), and (i) could not be negligence but for and because of the specific acts of omission charged in (b) and (c).

█ The question of venue is not to be controlled, we think, by the form of averments as showing active or passive negligence. If so, the venue in a negligence case could perhaps always be pre-determined by the mere matter of form of pleading. Negligence always, if it exists, involves a failure of duty. Negligence consists of acts or omission. If the duty is breached by "an act," the negligence is of that affirmative character which may be a trespass. If the duty is breached by the failure or omission to do something which it was the person's duty to do, the negligence is negative and does not constitute a trespass. Taking all the averments of negligence in this case and disregarding mere form, it appears that the breach of duty consisted of the failure or omission to do the things which the exercise of ordinary care required to prevent injury to the plaintiffs.

█ Passing over any question of pleading, the evidence establishes conclusively, we think, that the only allegations of negligence supported by the evidence consisted of the failure or omission of the defendants to do that which it was their duty to do, rather than the doing of that which it was their duty not to do.

Summarizing, the negligence complained of and supported by any evidence constitutes nonfeasance upon the part of the Metzgers as contradistinguished from misfeasance toward appellees. Stated differently, the appellees' pleadings and testimony present a case of passive negligence as contradistinguished from active negligence. Such being the case, a trespass within the meaning of exception 9 is not shown.

In reaching these conclusions we are applying the principle of law reannounced in the recent opinion by our Supreme Court in Meredith, Relator v. McClendon, Chief Justice, 111 S.W.2d 1062, 1065. That opinion quotes with approval from McCrary v. Coates, Tex.Civ.App., 38 S.W.2d 393, as follows: "It is well settled that a trespass in the meaning and intent of this statute is not shown by allegation or proof of a nonfeasance or mere negligent omission to perform a duty. To constitute a trespass under this statute there must be an affirmative act of negligence, not necessarily such affirmative act as would be inherently unlawful and constitute a crime or offense against the public, but an affirmative act as distinguished from an omission of duty."

This recent opinion refers to and cites such authorities as Ricker v. Shoemaker, 81 Tex. 22, 25, 16 S.W. 645; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236; and numerous other cases, including Lawless v. Tidwell, 24 S.W.2d 515, by this court.

Upon these and many other authorities which it is unnecessary to cite we conclude that the venue claimed in Harris county does not rest on affirmative acts of negligence constituting trespass under said exception.

█ Much of the appellees' briefs is devoted to a demonstration that the trial courts rightly overruled the pleas of privilege on the ground that the appellants, in selling the milk, as alleged, committed a crime in Harris county, Tex., as defined in articles 706, 707, 712, and 717 of the 1925 Penal Code of the state of Texas. A careful study of the plaintiffs' petitions and controverting affidavits convinces this court that no such contention was presented or urged. The appellees' pleadings and the testimony evidence a consistent reliance upon the trespass theory to retain the venue in Harris county. The pleadings do not authorize us to give effect to the crime theory of venue contended for in the briefs.

In so holding we are not to be understood as suggesting that the pleadings and testimony establish the commission of a crime.

In the condition of the pleadings it is unnecessary to pass upon that question.

For the reasons assigned, the judgments of the trial courts are reversed, and it is here ordered that the venue of the cases be transferred to a proper district and county court, respectively, in Dallas county, Tex. It is so ordered.