## NEW HOME SEWING MACH. CO. v. WITHROW.

### No. 2252.

Court of Civil Appeals of Texas. Waco.

Oct. 17, 1940.

Rehearing Denied Oct. 31, 1940.

Renfro Speed, of Teague, for appellant.

Geppert, Geppert & Victery, of Teague, for appellee.

ALEXANDER, Justice.

This suit was brought by New Home Sewing Machine Company against W. W. Withrow to recover the sum of $393.70, being the balance claimed to be due for the sale price of certain sewing machines alleged to have been sold to the defendant under a written contract. The defendant contended that he had bought the machines under an oral contract, by the terms of which he was to pay a stipulated price for such of the machines as he was able to sell at retail, with the right to return the remainder of the unsold machines. He alleged that he had been induced to sign the written agreement sued on upon a false representation of plaintiff's agent that it embodied the terms of the oral contract previously entered into. He tendered the contract price of the machines that he had sold and offered to return the unsold machines. A trial before the court without a jury resulted in judgment in favor of plaintiff for the sum of $106.30, being the unpaid balance due on the machines that had been sold, and for the title and possession of the six machines that had not been sold by Withrow. The plaintiff appealed.

The trial court found the facts as alleged by the defendant and appellant does not seem to challenge the correctness of this finding. It is appellant's contention that since it did not pray for judgment for the title and possession of the unsold machines, the judgment of the court granting such relief is fundamentally wrong.

It is a very well established rule that in determining the relief which may be accorded, it is proper to take into consideration the pleadings of both parties, and that if either party prays for relief and shows himself entitled thereto by the evidence, the court may grant it notwithstanding the pleadings of the opposite party. 25 Tex. Jur. 511. The defendant alleged that the unsold machines belonged to the plaintiff. He tendered such machines to the plaintiff, together with the contract price of such of the machines as he had sold and prayed that he be discharged. Regardless of whether such pleading was sufficient to

authorize a judgment in favor of the plaintiff for such machines, it was certainly sufficient to authorize a judgment discharging the defendant upon delivery of such unsold machines, together with the money tendered by the defendant into court. At most, the judgment is merely more favorable to the plaintiff than it prayed for, and it is a well settled rule that a plaintiff cannot complain on appeal of a judgment merely because it is more favorable to him than he was entitled to under the pleadings and evidence. 3 Tex.Jur. 1274; Texas Trunk R. Co. v. Johnson, 86 Tex. 421, 25 S.W. 417, par. 2; Celada v. A. Mathias & Co., Tex.Civ.App., 269 S.W. 459, par. 8.

There is no error in the judgment appealed from, and the judgment of the trial court is affirmed.