## DALLAS RY. & TERMINAL CO. v. HARMON et al.

### No. 13754.

Court of Civil Appeals of Texas. Dallas.

Jan. 17, 1947.

Rehearing Denied April 4, 1947.

Burford, Ryburn, Hincks & Ford, Bruce Graham, and W. M. Taylor, Jr., all of Dallas, for appellant.

Bailey & Milam and Saunders & Gano, all of Dallas, for appellees.

LOONEY, Justice.

On original submission we affirmed the judgment below, in an opinion filed January 17, 1947, giving our reasons therefor, and citing supporting authorities. On rehearing, we carefully re-examined the case and, as the result, withdraw the original opinion and, in lieu, file the present, based upon different reasons, supported by different authorities, but without changing or modifying our original decision of affirmance.

### Statement of the Nature and Result of Suit.

Lee S. Harmon sued Dallas Railway & Terminal Company and Lamar & Smith Funeral Home to recover damages for personal injuries received while a passenger in an ambulance of the Funeral Home, resulting from a collision between the ambulance and a streetcar operated by the Railway Company, at a street intersection in the City of Dallas. At the time of the collision, both the ambulance and the streetcar were in active operation; the ambulance was traveling in a northerly direction on Harwood Street and the streetcar in an easterly direction on Guillot Street, the collision occurring in the intersection.

In response to special issues, the jury found the Funeral Home guilty of actionable negligence in two respects: (1) In operating the ambulance at a rate of speed which, under the surrounding circumstances, was faster than an ordinarily prudent person would have operated same, and (2) in operating the ambulance at a speed in excess of 30 miles per hour. The jury also found the Railway Company guilty of actionable negligence in two respects: (1) In failing to keep a proper lookout immediately before the collision, and (2) in failing to observe the red lights burning on

the front of the ambulance at the time. The jury assessed Harmon's damages at $5,650, for which amount the court rendered a joint and several judgment in his favor against the Funeral Home and the Railway Company.

The Railway Company appealed without a statement of facts. The correctness of the judgment in favor of appellee Harmon is not challenged; appellant's only complaint being that, under the findings of the jury, it was simply convicted of passive negligence, hence, was entitled to full indemnity over against the Funeral Home. This presents the only question for our determination.

It will be observed from the statement just given, that the contest is between two joint tort-feasors whose concurring negligence brought about the injury to the appellee, who sued both jointly, and in whose favor a joint and several judgment was rendered against the defendants. It follows, therefore, that the rules at common law applicable to joint tort-feasors, as modified or changed by the statute of this State, are controlling.

 Under the common law the general rule was that the right of contribution did not exist between joint tort-feasors, subject, however, to the rule that where a defendant or defendants are actively negligent, and some are merely passively negligent, the latter had the right to be reimbursed by those actively negligent, to the extent of any amount those passively negligent might have to pay the injured party. This common-law rule was modified by Art. 2212, R.C.S., Article 2212, Vol. 7 Vernon's Ann.Civ.St. ch. 9, which provides that: "Any person against whom, with one or more others, a judgment is rendered in any suit on an action arising out of, or based on tort, (exceptions mentioned not material here) * * * shall, upon payment of said judgment, have a right of action against his co-defendant or co-defendants and may recover from each a sum equal to the proportion of all of the defendants named in said judgment rendered to the whole amount of said judgment. * * *." In the case of Gattegno v. The Parisian et al., 53 S.W.2d 1005-

1007, the Commission of Appeals, Section A, disposing of a similar case, said: "A reading of the above statute demonstrates that its evident purpose is to change the common-law rule as applied to joint tort-feasors who are equally guilty as between each other. In other words, under the above statute, where two persons are both actively guilty, or both passively guilty, of a tort which damages a third person, and the third person sues and recovers from them both, jointly and severally, if one pays the entire judgment he is entitled to have his codefendant contribute to him one-half such amount." (Opinion expressly approved by the Supreme Court.)

In the case of Baylor University v. Bradshaw, 52 S.W.2d 1094-1100, by the Austin Court of Civil Appeals, among other things, the court said that: "Texas decisions accord with the following quotation from 1 Cooley on Torts, p. 277: 'The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concerted action.' * * * In this state the rule also prevails that the tort is joint, although the tort-feasors may be liable in different capacities or under different rules of law, as where one is liable as the active wrongdoer and the other by operation of law. See Sproles v. Schepps, Tex.Civ.App., 26 S.W.2d 922; Carmichael Co. v. Miller, Tex.Civ.App., 178 S.W. 976; Hunt v. Ziegler, Tex.Civ.App., 271 S.W. 936." (Affirmed by the Supreme Court; see 84 S.W.2d 703.)

In the case of Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738, 742, by the Eastland Court (writ ref.), both the Light Company and the Mayfield Company were sued for an injury received by plaintiff as the result of the joint negligence of both defendants proximately contributing. The Light Company's negligence very clearly was of a passive nature, whilst that of the Mayfield Company was active in nature. The trial court entered judgment for plaintiff against the defendants jointly and severally, but afterwards sustained a mo-

tion by the Light Company for indemnity over against its co-defendant, the Mayfield Company, and rendered judgment against it in favor of the Light Company for the full amount of the judgment, providing that it might have execution for such portion of the judgment as it might be required to pay; in effect, holding that the Mayfield Company was not entitled to contribution from the Light Company. This holding was reversed by the Court of Civil Appeals, and, the case being reversed and remanded on other grounds, the court said: "Upon another trial, if the court, or jury, should find the defendants equally guilty, then the defendant paying the judgment, if any, to the plaintiff would have the right to contribution to the extent of one-half of said judgment against its codefendant. Gattegno v. The Parisian, supra." (Citing other authorities.) Also, see a similar holding by this Court in Goldstein Hat Mfg. Co. v. Cowen, Tex.Civ.App., 136 S.W. 2d 867 (part in point, page 876).

In view of these authorities, we are of opinion that our former decision affirming the judgment below was correct; hence appellant's motion for rehearing is overruled.

BOND, Chief Justice (dissenting).

In the original opinion and, subsequently, in the majority's substituted opinion, the rule is stated that "Where the negligence of one party has brought about a condition, and another party is guilty of negligence in not recognizing such condition, which results in injury to a third party who is without negligence, the injured party may recover against both without an inquiry as to comparative negligence; but, as to the two negligent parties, if the negligence of one was merely passive, or such as to only produce the condition, and the other negligent party was the active perpetrator of the wrong, the former may recover over against the latter." There can be no question but that is the law of this State. Art. 2212, R.S.; Gattegno v. The Parisian et al., Tex. Com.App., 53 S.W.2d 1005-1008. That doctrine is not here questioned by either party. The factual background in this appeal brings the above rule forcibly to the conclusion that plaintiff is entitled to judgment in accordance with the findings of the jury against both defendants, jointly and severally, for the damages sustained, and the right of appellant Railway Company for contribution over against appellee Funeral Home for the full amount of the judgment.

There is no question raised to the findings of the jury. The appeal reaches this Court on the findings without statement of facts. Hence we must assume that the findings are true and adopt same as our findings in this appeal. The jury found, material here, that the defendant Funeral Home was guilty of actionable negligence in two respects: (1) In operating the ambulance at a rate of speed which, under the surrounding circumstances, was faster than an ordinarily prudent person would have operated same; and (2) in operating the ambulance at a rate of speed in excess of 30 miles per hour. The jury also found the Railway Company guilty of actionable negligence in two respects: (1) In failing to keep a proper lookout immediately before the collision; and (2) in failing to observe the red lights burning on the front of the automobile at the time. The jury assessed plaintiff's damages at $5,650 and the court rendered judgment, jointly and severally, against both defendants, refusing appellant Railway Company any contribution over and against its codefendant, Lamar & Smith Funeral Home.

It is evident that the findings of the jury convict the defendant Funeral Home of active negligence and, on separate and independent wrong-doings, the defendant Railway Company of passive negligence. Thus the difference in quality of negligence between the two defendants, the right of contribution to the fullest extent of the judgment is available to the wrongdoer Railway Company against the other wrongdoer Funeral Home who was actively culpable.

In Barron v. Jones, Tex.Sup., 198 S.W. 2d 256, 260, a jury in response to issues convicted the driver of a bus (1) for *failure* to have the bus under control; (2) for *failure* to keep a proper lookout; (3) for *failure* to sound his horn; (4) for *failure* in not stopping the bus; (5) for negligence in the manner of driving the bus and for

*failure* to reduce the speed of the bus. Upon such findings, our Supreme Court, speaking through Justice Smedley, said: "In none of the answers to the issues was there a finding of active negligence. In each answer the jury found merely a negligent omission or failure on the part of the driver to do something which it was his duty to do. None of these is a finding of trespass. Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236; Austin v. Cameron & Co., 83 Tex. 351, 18 S.W. 437; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, 1063; Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923; Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374; Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675." In English v. Miller, 33 S.W.2d 477, 478, the Amarillo Court of Civil Appeals, speaking through Justice Jackson, said: "As we understand, 'passive negligence' is a failure to do something that should have been done." In Metzger Dairies v. Wharton, supra, case cited in Barron v. Jones, the Eastland Court said [113 S.W. 2d 677]: "Negligence consists of acts or omission. If the duty is breached by 'an act,' the negligence is of that affirmative character which may be a trespass. If the duty is breached by the failure or omission to do something which it was the person's duty to do, the negligence is negative and does not constitute a trespass." That rule of law is universally followed.

Taking the findings of the jury in the instant case, it must be held that the defendant Funeral Home is guilty of "an act," or "active negligence" (1) in respect to the rate of speed the ambulance was *being operated* under the surrounding circumstances, and (2) *in operating* the ambulance at a rate of speed in excess of 30 miles per hour; and that the defendant Railway Company is guilty of breach of duty or omission consisting of (1) the *failure* to keep a proper lookout, and (2) the *failure* to observe the lights on the ambulance. In other words, under the holdings of the Supreme Court in Barron v. Jones, supra, the Railway Company is guilty of passive negligence in failing or omitting to do that which was its duty to do, rather than *doing* of that which it was their duty not to do; and the Funeral Home is guilty of active negligence in doing that which it was their duty not to do, rather than failing or omitting of that which it was their duty not to do under all the facts and circumstances of the case.

In the case of Goldstein Hat Mfg. Co. v. Cowen, Tex.Civ.App., 136 S.W.2d 867, 874 (error dismissed, judgment correct), opinion of this Court, edited by Justice Young, the building owner was only a passive tortfeasor and the tenants of the building active joint tort-feasors, it is said: "Even under the common law, the right of contribution is available to a wrongdoer who is merely passively guilty, as against one who is actively culpable. In such case, ' * * * the principal delinquent may be held responsible to his codelinquents for damages incurred by their joint offense.' 13 Am.Jur. p. 42, Sec. 46; 10 Tex.Jur. (Contribution) Sec. 15, p. 554; Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824; City of San Antonio v. Smith, 94 Tex. 266, 59 S.W. 1109."

According to the cited authorities and the jury findings, it is my conclusion that the judgment of the trial court in favor of Lee S. Harmon against both defendants, jointly and severally, should be affirmed; and that the defendant Dallas Railway & Terminal Company, having been found guilty of merely passive negligence and the defendant Lamar & Smith Funeral Home guilty of active negligence, and the two not guilty as joint tort-feasors, but independent wrongdoers, the defendant Railway Company should have judgment in its favor against the defendant Funeral Home, to the extent of any amount appellant is compelled to pay on said judgment; and that all cost on appeal should be taxed against appellee Funeral Home. In all other respects judgment of the court below should be affirmed. I respectfully dissent from the majority.