## WHITSON FOOD PRODUCTS CO. v. McCLUNG.

### No. 2621.

Court of Civil Appeals of Texas. Eastland.
Nov. 7, 1947.

Rehearing Denied Dec. 5, 1947.

Worsham, Harrell, Burrow & Worsham, of Dallas, for appellant.

Cox & Bradbury, of Abilene, for appellee.

GRAY, Justice.

Appellant makes the following statement of the nature and results of the case which appellee concedes to be substantially correct. "Appellee brought this suit in the County Court of Taylor County, Texas, for damages for personal injuries alleged to have been sustained by eating tamales canned by appellant, which contained a piece of glass or some substance similar to glass, which became embedded in her gums under her false teeth. Appellee purchased the can of tamales from a retail merchant in Abilene, and both by proof and stipulation, the can of tamales was manufactured and canned by appellant at its factory in the City of Denton, in Denton County, Texas. Appellant filed a plea of privilege in due form, and appellee controverted the plea of privilege on the sole ground that the failure of appellant in its obligation and duty as a manufacturer and canner of tamales to manufacture and can them in a safe and sanitary manner, free from all glass and foreign substance, was negligence which proximately caused the alleged injury to appellee and that such failure to discharge its duty constituted a trespass within the meaning of Exception 9, to Article 1995, of Vernon's Annotated Civil Statutes. The Court overruled appellant's plea of privilege. Notice of appeal was given in open court. An appeal bond was filed by appellant in due time and this case is now before this honorable court for decision."

Exception 9, of Article 1995, Vernon's Ann.Civ.St., reads as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

■ To sustain venue of this suit in Taylor County, it must appear; (a) that a trespass was committed; and (b) that it was committed in Taylor County. Each is a venue fact, which must be proved, and the burden of proof is on plaintiff. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91.

■ It is important here to determine what constitutes a trespass within the meaning of the statute. Fortunately, we are not without legal definition. "Trespass means any intentional wrong or injury to the person or property of another." Hubbard v. Lord, 59 Tex. 384; Armendiaz v. Stillman, 54 Tex. 623; Cook v. Horstman, 2 Willson Civ.Cas.Ct.App. § 770. "The word 'trespass', [as here used] means any intentional wrong or injury to the person or property of another and includes conversion." Ward v. Oden, Tex.Civ.App., 153 S.W. 634. "A 'trespass' [within this statute], is an active wrong, as distinguished from negligently omitting what should have been done. * * *" Winslow v. Gentry, Tex.Civ.App., 154 S.W. 260. "A 'trespass' within the meaning of subdivision 9 of R.S. Art. 1995, includes injuries to person or property resulting from wrongful acts, either wilfully inflicted or the result of affirmative, active negligence upon the part of the wrongdoer, as distinguished from injuries that are the result of a mere omission of duty." 43 Tex.Jur., page 735, Sec. 22. The Supreme Court of Texas, speaking through Justice Gaines in Ricker et al. v. Shoemaker, 81 Tex. 22, 16 S.W. 645, in distinguishing between Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R. A. 618, and that case, says: "Between that and the case now under consideration there is a marked distinction. There the act was not alleged to be done with the intent to injure the plaintiff's wife, but it was an act committed. In the present case the alleged wrong consists in the negligent omission by the defendants' representative to do an act which it was his duty to do. Is this a 'trespass' within the meaning of the statute? We think not. The words, 'where the crime, offense, or trespass was committed,' indicate that the word 'trespass' was intended to embrace only actions for such injuries as result from wrongful acts willfully or negligently committed, and not those which result from a mere omission to do a duty."

The courts draw a clear distinction between active negligence resulting in injury to person or property and passive negligence. In the former, there is an affirmative act; in the latter, an omission to perform a duty. The former may be a trespass; the latter is not.

On the issue of liability, plaintiff pleaded as follows: "That defendant was under the obligation and duty as a manufacturer and canner of said tamales to manufacture and can them in a safe and sanitary manner, free from all glass, foreign substances, and defendant failed in this obligation by selling said tamales for the purpose of purchasing and consuming, by the public, by selling same that contained glass or some substance similar to glass. That as the result of defendant's negligence in selling said tamales in such a condition plaintiff was damaged as set forth aforesaid."

■ In the pleading quoted, plaintiff does not charge an active, affirmative act of negligence committed by the defendant in Taylor County. On the contrary, plaintiff charges an omission to perform an obligation by selling tamales containing glass, or some substance similar to glass, to the public, which was negligence resulting in damage to plaintiff. It was stipulated in open court by attorneys for both parties that the can of tamales was manufactured and canned by the defendant at its factory in Denton County, Texas. The plaintiff testified that she purchased same from the M. System Grocery Store in Abilene, Texas. Thus, plaintiff's pleading, her testimony and the stipulation in open court negative the commission of any active, affirmative act of negligence by defendant in Taylor County. If defendant was guilty of negligence in allowing glass or other foreign substance to be in the

said can of tamales, it was an omission to perform a duty owed to the public, but it was passive negligence, not a trespass and was committed in Denton County, Texas. See 43 Tex.Jur. page 735, Sec. 22, and other authorities cited above.

The views expressed above are supported by many decisions of the Supreme Court and courts of civil appeals. This court has had numerous cases involving an alleged trespass under said Exception 9, some of which will be briefly noticed. Lawless v. Tidwell, Tex.Civ.App., 24 S.W. 2d 515, 516, was a plea of privilege case, the alleged negligent act occurring in Baylor County, where the suit was filed. The defendant was charged with negligently driving his automobile into plaintiff's car parked on the side of the highway and inflicting injuries. The defendant filed his plea of privilege to be sued in Taylor County, the county of his residence. The plea was overruled and the case was appealed to this court, which reversed the trial court and ordered the case transferred to Taylor County. We quote from the opinion by Chief Justice Hickman: "It is also well settled that, in order to confer venue of a case in a county not the residence of the defendant under exception No. 9, based upon a contention that a trespass was committed in such county, some wrongful act must have been committed in that county, and not merely a tort resulting from the negligent omission to perform a duty. Active negligence, as distinguished from passive negligence, must be shown. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Wettermark v. Campbell, 93 Tex. 517, 56 S.W. 331; Austin v. Cameron, 83 Tex. 351, 18 S.W. 437; Jacobson v. Berwick, [Tex.Civ.App., 289 S.W. 1035]; Campbell v. Wylie, Tex.Civ.App., 212 S.W. 980; Frnka v. Beaumert, Tex.Civ. App., 290 S.W. 808 [Cook v. Guzman, Tex. Civ.App., 19 S.W.2d 855]."

The case of Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675, 677, decided by this court, is squarely in point on the facts. Two suits were filed in the District Court of Harris County, Texas against Metzger Dairies, located and operated in Dallas County, Texas, for injuries alleged to have been sustained by drinking milk containing glass produced and sold by the defendant. However, said plaintiffs undertook to plead active negligence by alleging that the defendant sold said milk to the plaintiffs in Harris County. It was held that the allegations as to sales were general and were controlled by specific allegations as to the bottling of the milk which was done in Dallas County. Pleas of privilege to be sued in Dallas County were overruled by the trial court from which appeal was taken and the cases were consolidated on appeal. Chief Justice Leslie in the decision, says in part:

"Negligence always, if it exists, involves a failure of duty. Negligence consists of acts or omission. If the duty is breached by 'an act,' the negligence is of that affirmative character which may be a trespass. If the duty is breached by the failure or omission to do something which it was the person's duty to do, the negligence is negative and does not constitute a trespass. Taking all the averments of negligence in this case and disregarding mere form, it appears that the breach of duty consisted of the failure or omission to do the things which the exercise of ordinary care required to prevent injury to the plaintiffs. * * *"

"Passing over any question of pleading, the evidence establishes conclusively, we think, that the only allegations of negligence supported by the evidence consisted of the failure or omission of the defendants to do that which it was their duty to do, rather than the doing of that which it was their duty not do to."

Judge Leslie then distinguishes between nonfeasance and misfeasance, and concludes that the pleadings and testimony presented a case of passive negligence as contradistinguished from active negligence, followed by the statement, "Such being the case, a trespass within the meaning of exception 9 is not shown." The trial court was overruled and the cases ordered transferred to Dallas County. This decision was cited by the Supreme Court on the same question of law in Barron et al. v. James, Tex.Sup., 198 S.W.2d 256.

The case of Bubble Up Bottling Company v. Lewis, Tex.Civ.App., 163 S.W.2d

875, decided by this court, involved injuries alleged to have been sustained from explosion of a bottle of carbonated beverage. The suit was filed in the District Court of Taylor County, Texas, by Lewis against J. W. Graham and W. G. Drummond, partners doing business as Bubble Up Bottling Company, in Young County, Texas. Plaintiff sought to fix venue in Taylor County under exceptions 9 and 23, Article 1995, based upon a pleading that defendant had negligently bottled said beverage, and had delivered same to plaintiff in Taylor County. Exception 23 went out of the case because plaintiff did not plead that defendants were such an "association" of persons as contemplated in said Exception, but were a partnership. Under Exception 9, plaintiff failed to prove that the said bottle was sold and delivered to him in Taylor County by defendants, or their servants or employees. On appeal, the case was reversed and ordered transferred to Young County.

The holdings of this court on the question involved has been expressly upheld by the Supreme Court in a number of recent cases. In Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374, 376, the plea of privilege was overruled for the reason that affirmative acts of negligence were shown to have been committed in the county where the suit was filed. But in the opinion, the distinction made by this court between active and passive negligence in the Metzger Dairies case, supra, is approved. It was further held in said case, "that a nonfeasance or a mere negligent omission to perform a duty does not amount to a trespass within the meaning of the statute (Subdivision 9, Article 1995). Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Connor et al. v. Saunders, 81 Tex. 633, 17 S.W. 236."

Barron et al. v. James, Tex.Sup., 198 S.W.2d 256, 260, by the Supreme Court, seems absolutely decisive of the case at bar. In that case, Barron was the owner and Upchurch the driver of a bus operated for hire on the public highway between Navasota and Conroe. James was riding his horse on the public highway in Mont-gomery County. The horse and bus collided, with injury to both horse and rider. Suit was filed in Montgomery County and the defendants filed their plea of privilege to be sued in Grimes County, where they resided. The plaintiff pleaded and the evidence showed that the bus was driven against the horse. The jury found that the driver failed properly to control the bus; failed to keep a proper lookout, or to sound the horn, or to reduce the speed, negligently failed to stop the bus before contacting the horse, or in not driving to the left; and that each and all of said acts constituted proximate cause. Upon such findings, the trial court rendered judgment overruling the plea of privilege. On appeal, the Court of Civil Appeals affirmed the judgment of the trial court. But the Supreme Court reversed the courts below and ordered the case transferred to Grimes County. It was there held that such jury findings were not findings of active negligence constituting a "trespass" within Exception 9, Article 1995. The Supreme Court said: "In none of the answers to the issues was there a finding of active negligence. In each answer the jury found merely a negligent omission or failure on the part of the driver to do something which it was his duty to do. None of these is a finding of trespass. Ricker, Lee & Company v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Connor v. Saunders, 81 Tex. 633, 17 S.W. 236; Austin v. Cameron & Co., 83 Tex. 351, 18 S.W. 437; Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, 1063; Mercer v. McCurley, 142 Tex. 197, 176 S.W.2d 923; Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374; Metzger Dairies v. Wharton, Tex.Civ.App., 113 S.W.2d 675."

Under all the authorities cited, if appellants in this case (defendants below), were guilty of negligence, it was passive negligence and did not constitute a trespass within the meaning of said Exception 9, but was merely an omission to perform some duty. And since plaintiffs failed to prove active, affirmative negligence either in Taylor County, or in Denton County, there could have been no continuing trespass, as contended by appellee.

The judgment of the trial court is reversed and remanded with instructions to transfer said cause to the County Court of Denton County, Texas.

Reversed and remanded with instructions.