HAMPTON & KENNEDY LUMBER CO.
v. WHITFIELD et al.

No. 6340.

Court of Civil Appeals of Texas. Texarkana.

May 20, 1948.

Robert F. Salmon, of Linden, for appellant.

Cornelius & Cornelius and M. L. Walters, all of Jefferson, for appellees.

WILLIAMS, Justice.

An automobile owned and operated by W. A. Kelley, plaintiff below, collided at night with a bull then upon a public highway resulting in damages to his car and injuries to his family, for which under jury findings he was awarded judgment for $445 against G. F. Whitfield, the owner of the bull, the defendant below. Whitfield as cross-plaintiff, who impleaded J. M. Hampton and G. L. Kennedy, a partnership doing business as Hampton & Kennedy, and H. E. Lane as cross-defendants, was awarded judgment against Hampton & Kennedy for one-half of above amount, or $222.50; being denied any recovery against Lane.

Whitfield owned a timbered pasture in which he pastured this bull and his other cattle. A barbed wire fence separated his pasture from an adjoining pasture owned and used by Lane. For several months prior to the collision Hampton & Kennedy, operators of a saw mill on Lane's premises, had made and maintained an opening in the partition fence between the two pastures to permit their ingress and egress in hauling logs to the mill then being cut off of both pastures. They had also erected a wire gate leading out of Lane's pasture into the highway to permit the hauling out of their finished product to market. As a result of above-mentioned opening in the partition fence the cattle of both Lane and Whitfield were enabled to graze in both pastures, and had so commingled for many weeks prior to the collision with the knowledge and acquiescence of Whitfield and Lane.

The collision occurred within the proximity of the dwelling of Lane and near the wire gate used by Hampton & Kennedy in trucking lumber from their sawmill into the highway and on to market. According to Lane, this gate was down when he discovered a bunch of cattle including the bull outside of the pasture and upon or near the highway a few minutes prior to the collision. According to his testimony the bull escaped down the road as he proceeded to drive the cattle back into the pasture.

The jury found that at the time and place of the collision the highway was enclosed on each side by a fence for a reasonable distance in each direction; and that Whitfield did not use all proper means within his control to prevent his bull from roaming at large upon the highway at the time and this was a proximate cause of the collision. The jury found that Hampton & Kennedy had agreed to keep the fences up; that they cut a wagon and truck right-of-way through the partition fence, and permitted the fence to remain down through which the bull escaped which was negligence and a proximate cause of the collision and resulting damages. Further jury findings exonerated Lane and Kelley of any alleged act of negligence.

It is apparent from above findings that the trial court invoked the provisions of Art. 2212, R.C.S., in entering the decree above set out whereby Whitfield was allowed a recovery over and against Hampton & Kennedy. Cross-defendants, Hampton & Kennedy, who alone appeal, do not attack any jury finding but assert above jury findings are insufficient as a matter of law to support the judgment against

them under the doctrine of contribution, either by virtue of the common law or the provisions of Art. 2212, R.C.S. of Texas. Hampton & Kennedy further assert that any jury finding as between them and Whitfield and any judgment against them in favor of Whitfield based on any jury finding is without support under the pleadings of Whitfield.

Whitfield in his amended pleadings impleaded Lane and Hampton & Kennedy. His pleadings charged Hampton & Kennedy and Lane of the alleged acts of negligence as were submitted to the jury. His pleadings also charged Kelley with acts of contributory negligence. After pleading why he had impleaded above named cross-defendants, and after alleging various acts of negligence on the part of above mentioned parties and the loss of his bull which he valued at $290, he closed with his prayer for relief, which reads:

"Wherefore, this defendant G. F. Whitfield, prays the court that H. E. Lane, who resides in Marion County, Texas, and Hampton & Kennedy, by service on J. M. Hampton, who resides in Morris County, Texas, and on G. L. Kennedy, who resides in Hardin County, Texas, be cited as required by law, and that plaintiff take nothing against this defendant, and that he go hence with judgment, as to any cause of action claimed by plaintiff against him, and, for judgment, for his costs, and that this defendant have judgment against the plaintiff, and the co-defendants, H. E. Lane and Hampton & Kennedy, as a partnership and J. M. Hampton and G. L. Kennedy, individually, for his damages in the destruction of his bull in the sum of $290, and for costs of suit, and general relief, and in duty bound will ever pray."

█ It does not appear from above prayer for relief that Whitfield therein sought recovery under the doctrine of contribution, but to the contrary clearly sought specific relief for the loss of his bull. In the absence of any prayer for contribution or of any pleadings which sought relief under such theory, the "general relief" asked for in the prayer relates to damages for loss of the bull. Because of the insufficiency of the pleadings, that part of

the judgment based on the cross-action will be reversed and the cause will be remanded. The judgment in all other respects is affirmed.

█ In view of the furor and commotion this bull has created amongst the citizenship of East Texas and his jumping ability as a three-legged animal, it is thought advisable to express this court's conclusions on the doctrine of contribution, should amended pleadings in another trial seek same and should similar jury findings be had upon another trial as here. It is thought that the holding in Dallas Ry. & Terminal Co. v. Harmon, Tex.Civ. App., 200 S.W.2d 854, writ refused, and the authorities therein discussed, would be controlling. That decision quotes with approval from 1 Cooley on Torts, p. 277, applicable to such jury findings:

"The weight of authority will, we think, support the more general proposition, that, where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concerted action."

The joint tort involved in Ry. Co. v. Harmon, supra, was the result of active participation by both alleged tort-feasors. In the instant case, the acts of each were passive in nature. As stated in Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005, 1007 (opinion expressly approved by the Supreme Court):

" * * * under the above statute, where two persons are both actively guilty, or both passively guilty, of a tort which damages a third person, and the third person sues and recovers from them both, jointly and severally, if one pays the entire judgment he is entitled to have his codefendant contribute to him one-half of such amount."

See also Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301.

█ It is to be noted that under the provisions of Art. 2212, supra, that the recovery on this right of contribution above discussed is subject to and conditioned up-

on the full payment of the judgment by the tort-feasor who seeks payment of contribution over and against the other and the decree should so provide. Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005, 1007; 13 Am.Jur. (Contribution), Sec. 53.

Reversed and remanded in part, affirmed in part.