## McELYEA v. BOWLES.
## McELYEA v. COZBY.
### Nos. 15164, 15165.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 29, 1950.

Rehearing Denied Nov. 10, 1950.

Strasburger, Price, Holland, Kelton & Miller; Tom C. Unis; and Royal H. Brin, Jr., all of Dallas, and M. Hendricks Brown, of Fort Worth, for appellant.

Pepper & Markward, of Fort Worth, for appellees.

SPEER, Justice.

The above styled cases are before us on appeals from judgments overruling pleas of privilege. In so far as the venue issues are concerned, they are identical except as to parties. They arose out of the same automobile collision. Appellees were in the car alleged to have been struck and appellant in both cases was the driver of the alleged offending car; the venue issues in both cases were heard simultaneously by the court without a jury. A single statement of facts was filed in both cases. Identical points of error are relied upon and duplicate briefs are filed in both cases. We will dispose of both appeals in this opinion.

Appellees sued appellant for injuries sustained when appellant's automobile struck the one in which they were riding at about midnight of September 4, 1949, or a few minutes thereafter, in Tarrant County, Texas. Several allegations of negligence were plead. Appellant filed his plea of privilege in both cases to litigate in his home county; these pleas were timely controverted, relying on exception 9 to Article 1995, R.C.S. Vernon's Ann. Civ.St. art. 1995, subd. 9. Neither party challenged the sufficiency of the venue pleadings of the other.

The court heard the venue issues and overruled the pleas, entering a short form judgment in each case containing no findings of facts.

Appeals were perfected relying upon two points of error. They are overruling his pleas because: (1) "There was no proof of any trespass on the part of defendant," and (2) "there was no proof of any crime on the part of defendant."

Exception 9 to Article 1995, R.C.S., is the one familiarly known as relating to crime, offense and trespass. The statute need not be quoted here. Whether or not there was evidence before the court from which he could find appellees proved a prima facie case falling under the exception to the statute is the question for our determination. Several acts of negligence were charged to appellant as causing the collision. Some of the acts charged may properly be termed acts of omission of duty and not of commission, under the holdings in such cases as Barron v. James, 145 Tex. 283, 198 S.W.2d 256, and they require no further consideration by us.

There were two allegations by appellees charging active negligence proximately causing the accident. They are, in substance, that appellant was driving his car in the same direction appellees were traveling on the highway and he "trespassed" upon appellees' car by driving his car upon and against that of appellees in the right hand lane of traffic where appellees had the right to be, contrary to the law of the road, as provided in the Uniform Act Regulating Traffic on Highways. Article 6701d, Vernon's Ann.Civ.St. art. 6701d. Another allegation was substantially that appellant drove his car too closely to the rear of that of appellees going in the same direction, under the circumstances existing and at the speed of the respective vehicles, which act is charged to be negligence and a proximate cause.

There are some questions of law so well settled in cases of this character that it would be labor lost to cite authorities in support of them, such as:

■ The burden of proof is upon plaintiff who seeks to hold venue where suit is filed to show his right thereto as against the plea of privilege.

To maintain venue the act of negligence by defendant who claims his privilege must be shown to be one of commission as distinguished from an act of omission of duty.

■ The plea of privilege and the controverting affidavit constitute the pleadings upon which the venue issue is to be

determined by the court where no jury is demanded. Where plural acts of negligence are plead, plaintiff need not prove all but it is sufficient to sustain venue if one or more be established.

■ In cases of this character, tried without a jury, the trier of the facts is the judge of the credibility of the witnesses and the weight to be given their testimony and must resolve all conflicts in the testimony in such way as its weight and the credibility of the witnesses justify. Where no fact findings are filed and none set out in the judgment, the appellate court will presume the trial court resolved all issuable facts in such way as to support the judgment entered. Rasberry v. Jones, Tex. Civ.App., 195 S.W.2d 947, and authorities there cited. If there is competent testimony to support a judgment overruling a plea of privilege although the judgment does not recite such fact findings, the judgment will be sustained. Utz v. Michael, Tex.Civ.App., 227 S.W.2d 597.

Section 54(a) of Article 6701d, supra, provides: "The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle."

Applicable to the second allegation of negligence above referred to, section 61(a) of Article 6701d, supra, provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

■■ It is the settled rule that injury to the property or person of another by an affirmative act wrongfully or negligently committed constitutes a trespass under exception 9, Article 1995, R.C.S. Shivers v. Hundley, Tex.Civ.App., 148 S.W.2d 440; Whitson Food Products Co. v. McClung, Tex.Civ.App., 206 S.W.2d 659. Likewise it has been held so many times that an automobile collision resulting from the active negligence of a defendant is a trespass under exception 9 to Article 1995, we need only cite the authorities in note 224, Vernon's Anno.Civ.St., under that exception and statute.

At the hearing from which this appeal came, the appellant offered no testimony. Appellees both testified and offered the testimony of a disinterested witness and the oral deposition of appellant. There is no contradiction or dispute that appellant drove his motor vehicle into the rear end of the one in which appellees were riding at the time and place alleged; that the paved highway was one of two lanes for traffic going in the same direction on each side, divided by an esplanade of gravel or dirt; that both vehicles were going in the same direction at the time of the accident and there was no other traffic on that side of the highway in that area when it happened; that after the collision happened there were marks on the pavement in about the center of the right hand lane showing where appellees' car had skidded off the pavement to the right; that the rear end of appellees' Ford pick-up truck was caved in, driving the body into the cab and bending the metal frame; that each of the appellees received bodily injury. In his deposition appellant said he saw appellees' car 150 yards before he reached it, that it looked to him like it was making about ten miles per hour, that he was driving between 45 and 50 miles per hour, that he pulled his speed down to about 40 miles per hour and it appeared to him that appellees' car was in about the middle of the road; that he was "right on it, six or seven feet from it" when he undertook to pass it on its left; he thought appellees' car stopped and the driver "sorter gave it a jerk to the left" just as he attempted to pass it; that his right hand side hit the left hand side of the pick-up truck. Appellees had testified they were driving in the right hand lane about thirty or thirty-five miles per hour when their car was hit. The apparent conflicts were heard by the court and resolved against appellant.

In Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, the court had a situation before it very similar to the one before us in which the trial court had sustained the plea of privilege and after a very pains-

taking discussion and collation of many authorities, the appellate court reversed and remanded the judgment with instructions to overrule the plea of privilege.

After a very careful study of this record, we have concluded that there was sufficient evidence, if construed as we must presume the trial court considered it, to support the judgment entered overruling the plea of privilege. The judgment should be and it is affirmed.