**H. D. OGLE, Appellant,**

v.

**Charlotte CRAIG, Appellee.**

**No. 8046.**

Court of Civil Appeals of Texas,
Amarillo.

June 22, 1970.

Rehearing Denied July 27, 1970.

Morehead, Sharp, Tisdel & Gibbins, and John F. Morehead, Plainview, for appellant.

LaFont, Tudor, Tunnell, Formby & Reep, and Bill LaFont, Plainview, for appellee.

JOY, Justice.

This is a suit by Charlotte Craig, appellee, against H. D. Ogle, appellant, to recover damages for conversion of some 1,737 bushels of soybeans. From judgment for plaintiff, defendant has perfected this appeal. Affirmed.

Appellee and appellant had been engaged in a farming partnership from 1963 to 1966, and appellee being the daughter of appellant. Appellee's first husband, who was killed in an automobile accident in 1963, was originally in the partnership which was continued by the parties after his death. In the summer of 1966, appellee requested a dissolution of the partnership as she anticipated remarriage. A partial settlement was made by the division of the farm land and farm equipment with an oral agreement to divide the then growing crops on a 50–50 basis upon delivery at the gins and elevators. A part of the crops grown in the partnership consisted of soybeans over which a dispute arose between the parties. The appellant testified that he left appellee's share of the soybeans piled in the field after harvest and that he had no knowledge as to the final disposition thereof. A former employee of appellant testified to the contrary, however, that the appellant directed him and two other employees to load the soybeans on appellant's trucks. However, he did not know when or by whom the trucks were removed from the farm after the soybeans were loaded thereon.

■ Appellant, by his first seven points, asserts as error the trial court's failure to grant his motion for instructed verdict and judgment non obstante veredicto. Also he complains of no evidence, insufficient evidence and against the great weight and preponderance of the evidence in reference to Special Issue No. 3 inquiring as to appellant's conversion of the soybeans. We think appellant's own testimony reveals an agreement to divide the soybean crop in kind. Therefore, a reasonable inference from the testimony of appellant's employee is that appellant converted appellee's share of the crop by taking possession of same and disposing of it. Appellant urges his contention that appellee's cause of action was one for accounting of the partnership or for appropriation of money belonging to the partnership as we have heretofore stated. There is evidence that an oral agreement was made that each partner would own his share of the harvested crops. Appellant's testimony that appellee demanded that he leave her share of the soybeans in the field is further evidence of this agreement. One partner who takes possession of property of another partner, as distinguished from partnership property, contrary and against the will of that partner, is guilty of conversion. The soybeans, having been divided into each partner's share, were no longer partnership property. "The gist of a conversion is not the acquisition of the property by the wrongdoer, but the wrongful deprivation of a person of property which he is entitled to possess. A conversion consists of an act in derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a conversion." 18 Am.Jur.2d, Conversion, Sec. 25, P. 170. The evidence further tends to show that appellant sold all soybeans grown in the partnership in his own name and not that of the partnership. Appellant's first seven points are overruled.

■ Appellant next asserts as error the instruction given by the court on exemplary damages which was as follows:

"You are instructed that before you can assess exemplary damages, you must find from a preponderance of the evidence that in converting the soybeans in question, if you have so found they were converted, defendant H. D. Ogle acted

in bad faith under circumstances showing improper motive.

"You are further instructed that punitive damages may be assessed for a wrongful act done, if any * * *."

Appellant quotes from 14 T.J.2d, Sec. 25, P. 29–30 whereby it is stated that "damages may be awarded if the conversion is accompanied by fraud, malice, oppression or gross negligence." Black's Law Dictionary defines "bad faith" as "the opposite of 'good faith', generally implying or involving actual or constructive fraud or a design to mislead or deceive another, or a neglect or a refusal to fulfil some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." We think "bad faith" and "improper motive" both used as prerequisites to assessing of exemplary damages were sufficient in this particular case and the charge was proper.

■■■ Appellant complains of the court's action in limiting appellant to only three peremptory challenges in selecting the jury. Appellant was the defendant and cross plaintiff in the court below having filed a cross action against plaintiff and her husband at the time of the alleged partnership settlement, and also against Jessie Pearl Ogle, ex-wife of defendant (cross plaintiff) and defendant's wife at the time of the alleged partnership settlement. The trial court allowed defendant and cross defendant, Jessie Pearl Ogle, three peremptory challenges each. Rule 233, Texas Rules of Civil Procedure states that each party to a civil suit is entitled to six peremptory challenges. However, each "party" does not necessarily mean each "person", and whether or not each defendant is entitled to six challenges within Rule 233 depends on whether or not their interests are antagonistic on a fact issue or issues with which the jury is concerned. Retail Credit Co. v. Hyman, 316 S.W.2d 769. (Tex.Civ.App. ref'd). Appellant Ogle and cross defendant, Jessie Pearl Ogle, were not antagonistic in interests on issues submitted or requested to be submitted to the jury. The plea for contribution by appellant over against Jessie Pearl Ogle, cross defendant, was treated as a question of law apparently by all parties and also the court. In view of the fact that there was no disputed fact issues as between appellant and cross defendant, we think the question was treated correctly. See Retail Credit Co. v. Hyman, supra.

■■■ Appellant's 10th point asserts as error the court's action in granting Jessie Pearl Ogle, cross defendant, indemnity over and against appellant for any sums of money she should be required to pay by reason of her secondary liability on the judgment decreed by the court. Appellant cites as authority Hampton & Kennedy Lumber Co. v. Whitfield, 213 S.W.2d 152 (Tex.Civ.App. n. w. h.). In that case the defendant (cross plaintiff) had cross-filed for his loss of a bull, but had not in his pleadings asked for indemnification or contribution for any damages assessed against him by the judgment. The appellate court therein reversed and remanded that part of the judgment which granted contribution for the reason of insufficiency of defendant's pleadings. Here, the cross defendant, Jessie Pearl Ogle, was given judgment for indemnification upon her general denial. Appellant, in his pleadings on cross action, asked the court "that judgment be rendered stating the partnership accounts and the rights and liabilities of each of the parties to their cross action. * * *" In considering both the pleadings of cross plaintiff and cross defendant, we are of the opinion the court was correct in granting cross defendant indemnification. In determining the relief to be granted the court may consider the pleadings of both parties to an action. See New Home Sewing Machine Co. v. Withrow, 143 S.W.2d 971 (Tex.Civ.App. n. w. h.).

We find no reversible error, therefore, the judgment of the trial court is affirmed.