Franco **PIGNATARO**, Appellant,

v.

Geruardo **RUSSO**, Appellee.

No. B2908.

Court of Appeals of Texas,
Houston (14th Dist.).

March 11, 1982.

John A. Schmidt, Law Office of John A. Schmidt, Galveston, for appellant.

J. Michael Fieglein, Hosey, Presnall, Hosey & Fieglein, Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

MURPHY, Justice.

Franco Pignataro (appellant) appeals a judgment by the trial court based upon findings of fact and conclusions of law granting him recovery of $31,976.00 pursuant to § 42 of the Texas Uniform Partnership Act but which found that Gerardo Russo (appellee) had neither usurped a partnership opportunity, breached a fiduciary duty to appellant, nor converted partnership assets. Appellant asserts three points of error challenging the above findings to be against the greater weight and preponderance of the evidence and the trial court's application of § 42 of Tex.Rev.Civ.Stat. Ann. art. 6132b (Vernon 1974).[1]

Appellant and appellee agreed to jointly operate an Italian restaurant, under the name of Franco's Real Italian Restaurant (Franco's) in Galveston in August, 1978.

Although appellant contends the restaurant was to be a corporate entity, there was no evidence to indicate the business complied with the requisite formalities, and the trial court found that the business was, in fact, a partnership, although no formal agreement was executed. From August, 1978 to March, 1979 the business was less than successful and the partners became embroiled in dissensions which culminated with closing the restaurant on March 12, 1979. At that time the partners agreed to cease operations and not to re-enter the premises without the other's permission during negotiations for a buy/sell arrangement pursuant to a document executed on August 10, 1978. The partners could not agree further, however, and negotiations ceased. Appellee re-entered the premises on or about May 11, 1979. On that date, appellant sought and was granted a temporary restraining order (TRO) which enjoined appellee from remaining in possession of the premises until the parties completed a joint inventory. Appellee contends the pleadings for the TRO and temporary injunction, although part of the transcript, are not properly before this court due to the fact they were not introduced into evidence at trial. We do not consider the documents as dispositive of this appeal, and further note that although appellant alludes to an alleged violation of these proceedings by appellee, he made no attempt to initiate contempt proceedings which would have been the appropriate remedy. Appellee continued operations as a sole proprietorship until June 15, 1979 as Russo's Real Italian Restaurant (Russo's), later incorporated as Russo's Real Italian Restaurant, Inc. (Russo's, Inc.), and paid all rent due from on or about May 12, 1979. At some point during this period of time, appellee changed the locks. He testified he took this action to prevent appellant from taking further credit receipts from Russo's and depositing them in his other restaurants to which appellant admitted he had done. The trial court denied appellant a temporary injunction on July 19, 1979. Appellant sued for an accounting and applied

1. Subsequent references to the statute will be by section number without full citation.

for a receiver pursuant to Tex.Rev.Civ.Stat. Ann. art. 2293(1) (Vernon 1974). This request was denied pursuant to an agreement between the parties on June 17, 1980. The court, however, appointed an auditor on August 6, 1980. (The auditor is referred to as a receiver and auditor interchangeably and will henceforth be referred to as an auditor). The court-appointed auditor compiled reports on the operations of Franco's from its inception to on or about May 12, 1979, Russo's from on or about May 12, 1979 to approximately June 15, 1979, and Russo's Inc. from on or about June 15, 1979 through the pendency of the lawsuit.

At the trial on the merits, the court found the parties operated as a partnership which dissolved on or about March 12, 1979, and pursuant to § 42 appellant had elected to receive the value of his interest at the time of dissolution plus interest as an ordinary creditor of appellee. Moreover, the court stated appellant was entitled to compensation for appellee's use of partnership equipment (R. 440).

■ Appellant's first point of error contends the court erred as a matter of law in failing to find appellee had breached his fiduciary duty as a partner and in its application of § 42. We have examined the record and find no evidence of a breach of fiduciary duty by appellee. Expert testimony, in addition to the auditor's report mentioned above, placed values upon appellant's interest in the partnership and the monthly rental value of the use of certain equipment on the premises. The rights of an outgoing partner are governed by § 42. *Stone City Attractions, Inc. v. Henderson*, 571 S.W.2d 206, 210 (Tex.Civ.App.—Austin 1978, writ ref'd n. r. e.). After dissolution of a partnership where the business continues to operate, the outgoing partner is entitled to either the value of his interest or the amount of profits attributable to the use of his interest. *Bailey v. Jackson*, 573 S.W.2d 267, 268 (Tex.Civ.App.—Waco 1978, no writ). We find no error in the court's application of § 42 and overrule appellant's first point of error.

■ Appellant's second point of error maintains the court erred in failing to find appellee liable for conversion of partnership assets including an oven, icemaker and cooler which had become fixtures as well as "software", e.g., tables, chairs and paper supplies. Clearly, § 42 envisions the continuation of business operations employing partnership assets and compensates the partner who leaves through his election of either remedy provided. Because of that compensation and the purpose of § 42, the use of partnership assets after dissolution cannot be viewed as conversion. See, e.g., *Ogle v. Craig*, 456 S.W.2d 778, 780 (Tex.Civ. App.—Amarillo 1970), *reformed on other grounds*, 464 S.W.2d 95 (Tex.1971). The auditor's reports duly account for the value of appellant's interest, appellee's use of partnership equipment, and testimony indicated the value of that use. The trial court awarded a lump sum recovery, i.e., did not separate the value of appellant's interest from the rental value of the equipment after dissolution. The record contains sufficient evidence of both values upon which the trial court could have based its findings. We therefore overrule appellant's second point of error.

■ Appellant's third point of error which maintains the trial court erred in finding no usurpation of partnership opportunity is without merit. There is no evidence in the record of such conduct on appellee's part and we accordingly overrule appellant's final point of error.

Affirmed.