### W. P. EDWARDS v. J. J. TERRELL, COMMISSIONER, ET AL.

#### No. 1531.  Decided May 16, 1906.

**Jurisdiction of Supreme Court—Mandamus.**

Where, upon application to the Supreme Court for a writ of mandamus against the Commissioner of the General Land Office, respondent's answer alleges a fact which, if established, would defeat relator's right, the court is without jurisdiction, and will dismiss the petition. (P. 27.)

Original application to the Supreme Court, by Edwards, for writ of mandamus against the Land Commissioner.

*James & Yeiser,* for relator.

*R. V. Davidson,* attorney-general, and *W. E. Hawkins,* assistant, for respondent Terrell.

*Douthit & Littler,* for respondents Jones and Cross.

GAINES, CHIEF JUSTICE.—This is a petition for a writ of mandamus to compel the Commissioner of the General Land Office to award to the relator, as administrator of the estate of T. B. Walsh, deceased, certain sections of school land in Borden and Dawson Counties. S. G. Jones and D. E. Cross were made corespondents to the action.

It appears from the allegations of the petition that, on the 29th day of March, 1902, Walsh made regular applications to purchase a certain section No. 28 as his home tract, and three others as "additional lands," filed his obligations, and made the first payments of purchase money, as required by law; that his applications were rejected for the reason that the Commissioner held that the lands were under a valid lease to one Ware; that on the 15th day of May, next thereafter, Ware sued out a writ of sequestration by virtue of which Walsh was dispossessed; and that, on the 18th day of the next June, Walsh died; and that subsequently the relator became the administrator of his estate.

In the answer of the Commissioner it is averred under oath, among other things, that if Walsh ever made any settlement upon section 28, "he abandoned the same and permanently moved off the land, all prior to the service of the writ of sequestration mentioned in relator's petition." If the fact, as alleged, be true, then under the provisions of section 3 of the Act approved April 19, 1901, he forfeited all rights acquired by virtue of his applications to purchase. (Laws 1891, Reg. Sess., p. 294.) The pleadings therefore present an issue of fact which we have no power to determine.

The petition for the writ of mandamus is therefore dismissed for want of jurisdiction.