## FRNKA v. BEAUMERT. (No. 7065.)

(Court of Civil Appeals of Texas, Austin. Jan. 12, 1927. Rehearing Denied Feb. 9, 1927.)

1. Venue ⚖══8—Automobile driver's attempt to cross street ahead of motorcycle having right of way held "trespass," within venue statute (Rev. St. 1925, art. 1995, § 9).

Automobile driver, who negligently attempts to cross street ahead of motorcycle having right of way approaching intersection and thereon collides with motorcycle, commits a trespass, within Rev. St. 1925, art. 1995, § 9, authorizing filing of suit for "trespass" in county where committed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Trespass.]

2. Venue ⚖══8—Cutting corner at street intersection held "trespass," within venue statute (Rev. St. 1925, art. 1995, § 9).

Automobile driver, who turns to left without passing around center of the street intersection and collides with motorcycle approaching on his right, commits a "trespass," within Rev. St. 1925, art. 1995, § 9, authorizing filing of suit for trespass in county where committed.

3. Municipal corporations ⚖══705(11)—Automobile driver's negligent attempt to cross street intersection ahead of motorcycle having right of way held proximate cause of collision.

Automobile driver's negligent attempt to cross street intersection ahead of motorcycle having right of way is a proximate cause of injuries sustained in collision.

2. Municipal corporations ⚖══705(11)—Automobile driver's negligence in cutting corner at street intersection held proximate cause of collision.

Automobile driver's negligence in turning to the left at street intersection without passing around center of intersection in violation of an ordinance is proximate cause of collision with motorcycle having right of way.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Joe Beaumert against J. V. Frnka. Defendant's plea of privilege was overruled, and he appeals. Affirmed.

Harris & Harris, of Austin, for appellant.
Garrett, Brownlee & Goldsmith, of Austin, for appellee.

BLAIR, J. Appellee sued appellant in Travis county for damages for injuries resulting from a collision of appellant's auto-

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mobile with appellee's motorcycle at a street intersection in Austin. Appellant's plea of privilege was contested upon the ground that section 9 of article 1995, R. S. 1925, authorizes the filing of a suit for trespass in the county where committed. Upon a hearing the plea was overruled, and this appeal is perfected from that order.

Among other acts of negligence, appellee alleged that after seeing him approach the street intersection appellant negligently attempted to cross the street ahead of the motorcycle which had the right of way by statutory provision requiring drivers of vehicles at street intersections to yield to vehicles approaching from the right; that appellant negligently turned to the left at the street intersection without passing to the center of the street as required by ordinance of the city of Austin; and that appellant negligently failed to stop his automobile after he saw appellee; all of which acts were alleged to be the proximate cause of the injuries. The testimony established substantially each of these allegations of negligence, and was sufficient to go to the jury on the issues raised.

[1, 2] Appellant insists, first, that the evidence is insufficient to prove a trespass; and, second, that the asserted acts of negligence were not shown to have been the proximate cause of the injuries. Neither contention is sustained. If appellant operated his automobile in either or all the manners alleged and proved, his acts in doing so constitute a trespass within the meaning and contemplation of the venue statute, supra. This statute only requires a plaintiff to show an actionable act of negligence constituting in law a trespass and venue will be sustained where it was committed. Demars v. Montez (Tex. Civ. App.) 277 S. W. 402. The negligent acts alleged and proved in this case constitute affirmative acts of negligence or trespass within the rule established by the following authorities: Campbell v. Wylie et al. (Tex. Civ. App.) 212 S. W. 980; Latta v. Bier (Tex. Civ. App.) 281 S. W. 240; Texas Hardwood Co. et al. v. Moore (Tex. Civ. App.) 235 S. W. 630; Brocks v. Hornbeck (Tex. Civ. App.) 274 S. W. 162.

[3, 4] We are also of the opinion that where the testimony shows the driver of an automobile to have seen an approaching motorcycle having right of way at a street intersection and turns his automobile in ahead of the motorcycle, thinking he "could get across before it got there," and collides with the motorcycle, injuring its occupants, his act in so doing is an affirmative act of trespass and is the proximate cause of the injuries. Likewise is the act of a driver of an automobile an affirmative act of trespass and the proximate cause of the injuries resulting from a collision of the automobile with a motorcycle having right of way at a street in-

tersection, where the said automobile driver turns to the left at the street intersection without passing to the center of the street in violation of an ordinance of the city in which the accident occurred, and while so doing collides with the motorcycle injuring its occupants.

We find no error in the judgment, and it is affirmed.

Affirmed.