### SIEGEL et al. v. JACKSON.

### No. 9445.

Court of Civil Appeals of Texas. Austin.

May 31, 1944.

Rehearing Denied June 21, 1944.

Carrington, Habberton, Jahnson, & Walker, of Dallas, Critz & Woodward, of Coleman, and M. M. Crane, Jr., of Dallas, for appellants.

Scarborough, Yates, & Scarborough, of Abilene, for appellee.

BLAIR, Justice.

This appeal is from an order sustaining the plea of privilege of appellee, Frank Jackson, to be sued in Ector County, Texas, his domicile. Appellants, Siegel and Zweig, owned an oil well in Runnels County, Texas. They contracted with Halliburton Oil Well Cementing Company, a foreign corporation, to cement the well. The cementing work was done under the direction and control of appellee, Jackson, the agent, employee and representative of the corporation. Appellants sued the corporation and appellee, Jackson, for damages for negligently cementing the well, ruining it, and causing a large amount of pipe to be cemented therein and lost. They alleged that the work of cementing oil wells was a highly specialized business, requiring specially designed machinery and equipment and trained personnel; that pursuant to his employment by the corporation, Jackson directed and controlled the work; and that defendants were negligent in the manner of performing the work of cementing the well, as follows:

1. In filling the well with liquid cement to a depth of 1,000 or more feet without having previously set up and connected machinery of sufficient capacity to be used to remove the cement before it became hardened and set.

2. In undertaking to do the work with a pump or pumps which were known to them, or by the exercise of ordinary care could and would have been known to them, to be wholly insufficient to remove the cement before it became hardened and set.

3. In operating the first pump used in such manner as to cause same to break down, and having broken it down delayed

in replacing it with another for such length of time that the cement placed in the well became hardened and set.

Appellee, Jackson, alone filed a plea of privilege. The controverting affidavit of appellants made reference to and incorporated the foregoing facts of the petition and sought to sustain venue in Runnels County under Subdivision 9 of Article 1995, R.S.1925, which provides that "a suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed." After a hearing the trial court sustained the plea of privilege of Jackson, but retained the case as to the Halliburton Company, upon the grounds that the pleadings did not allege, and the proof did not show, active negligence or trespass in Runnels County within the meaning of the venue statute.

Appellants contend that the allegations and proof show a "trespass" was committed in Runnels County within the meaning of that term as used in the venue statute. Appellee contends that the proof did not show negligence of Jackson, active or otherwise, in cementing the well; and that the allegations and proof with respect to the three grounds of negligence relied upon reflected merely passive and not active negligence or trespass.

The foregoing pleadings alleged a cause of action for damages resulting from active negligence or trespass in the manner of doing the work of cementing the oil well in Runnels County, Texas, and the proof on the venue hearing established the allegations. The acts of pouring the liquid cement into the well, the attempted use of a pump of insufficient capacity, known, or in the exercise of ordinary care would have been known, to be insufficient, the racing of it trying to make it perform the task of removing the cement before it hardened and set, causing it to blow a gasket, which resulted in delay in putting a pump of sufficient capacity in operation until the cement hardened and set, were related positive acts necessary to the performance of the contract to cement the oil well. The performance of this work required the active use of the machinery and equipment along with the pouring of the cement into the well. The contract to cement the well could not have been fulfilled except by

such positive and affirmative acts. The proof is undisputed that such acts occurred or took place in the attempt to perform the contract to cement the oil well, and that the well was ruined and much of the pipe therein lost as the result of such active negligence or trespass. All of the acts complained of were done under the direction and control of appellee, Jackson, as the agent, employee, and representative of the defendant corporation which contracted to do the work of cementing the oil well.

In the case of Goodrum v. Hobbs, 60 S.W.2d 298, 299, this court held facts similar or entirely analogous to the foregoing facts to constitute active negligence or trespass within the meaning of the venue statute. There a steam shovel was the machine in operation and "the negligence alleged was that appellant's agents permitted some of the strands of the steel cable to become broken, overloaded the shovel with an unusual amount of gravel, and, in swinging it over appellee's truck, the operator negligently did so with such a sudden jerk and jar that the cable suspending it broke, allowing both the shovel and the gravel to fall upon appellee's truck with the resultant damage complained of."

The Goodrum case was cited with approval in Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062, as were numerous other cases involving similar or analogous facts, including McCrary v. Coates, Tex.Civ.App., 38 S.W.2d 393, 395, wherein the court say:

"To constitute a trespass under this statute there must be an affirmative act of negligence, not necessarily such affirmative act as would be inherently unlawful and constitute a crime or offense against the public, but an affirmative act as distinguished from an omission of duty."

The plea of privilege places in issue only the venue question, and not matters which are determinable on the merits. 43 Tex.Jur. 844, § 109. The foregoing facts established on the venue hearing active negligence or trespass in the manner of cementing the well; and the order granting the plea of privilege is set aside, and the plea of privilege of appellee, Jackson, is overruled and denied.

Reversed and rendered.