FRANK JACKSON V. JAMES W. MCCLENDON, CHIEF JUSTICE ET AL.

No. A-250. Decided May 9, 1945.
(187 S. W., 2d Series, 374.)

*Scarborough, Yates & Scarborough* and *Edmund C. Yates,* all of Abilene, for relator.

*Carrington, Gowan, Habberton, Johnson & Walker* and *M. M. Crane, Jr.,* all of Dallas and *Critz & Woodward,* of Coleman, for respondent.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

Frank Jackson, through a motion, requested leave to file petition for an original writ of mandamus directed to the Honorable Court of Civil Appeals at Austin, seeking to compel that court to certify certain questions of law arising in Cause No. 9445, styled M. Siegal et al v. Frank Jackson, wherein the Court of Civil Appeals reversed the order of the trial court which granted to Jackson his plea of privilege duly filed in said cause. 181 S. W. (2d) 315. The request of Jackson was granted by this court. Rule 474. The hearing has been had both on the question whether there is a conflict and on the merits of the question involved in the alleged conflicts in accordance with Rule 475.

■ The ruling of the Court of Civil Appeals arose in virtue of an appeal of an interlocutory order of the district court which granted a plea of privilege. In such case the judgment of the Court of Civil Appeals is final under Article 1821, as amended, Vernon's Annotated Civil Statutes, 1925, and a writ of error is not allowed to be prosecuted to the Supreme Court.

■ The jurisdiction of the Supreme Court in an original writ of mandamus is under authority of Article V, Sec. 3, Constitution of Texas, and Article 1733, Vernon's Annotated Civil

Statutes, and in a proceeding like the present, Article 1855, Vernon's Annotated Civil Statutes, which is now embodied in Rule 462. The Relator must comply with Rule 465 in the Court of Civil Appeals and allege such compliance in this court. Hursey v. Bond, 141 Texas 337, 172 S. W. (2d) 305.

■ Jackson contends that the Court of Civil Appeals erred in reversing the order of the district court which granted his plea of privilege because the proof heard by the trial court was established by an interested witness, hence the evidence from that source, even though uncontradicted, did not establish the venue facts as a matter of law. The opinion of the Honorable Court of Civil Appeals does not disclose on its face whether the proof heard by the trial court was supported by one or many witnesses. Neither does it appear that any witness adduced had an interest in the suit. Under such circumstances this court cannot possibly know whether the facts contained in the record before the Court of Civil Appeals necessarily called for a ruling by that court on the rule of law sought to be invoked here.

Jackson alleges in this proceeding that the only witness heard by the trial court was one John H. Caster, and that he was an interested witness. The respondents allege that the witness, John H. Caster, was not an interested witness, for the reason that he had assigned his interest in and to the claim asserted against Jackson before the suit was filed, and therefore had no interest in the cause at the time of giving his testimony. The pleadings on this phase of the case present an issue of fact which we have no power to determine. Edwards v. Terrell, 100 Texas 26, 93 S. W. 426.

■ The relator contends that the Honorable Court of Civil Appeals erred in holding that the negligence alleged and proven on the venue trial was active negligence as distinguished from passive negligence, and sufficient in law to fix venue in the county where the alleged negligent acts were committed.

The acts of which complaint was made were performed in pursuance of a contract between the parties. The grounds on which the respondent relied, as shown from the opinion of the Court of Civil Appeals, are as follows:

"1. In filling the well with liquid cement to a depth of 1000 or more feet without having previously set up and connected machinery of sufficient capacity to be used to remove the cement before it became hardened and set.

"2. In undertaking to do the work with a pump or pumps which were known to them or by the exercise of ordinary care could and would have been known to them, to be wholly insufficient to remove the cement before it became hardened and set.

"3. In operating the first pump used·in such manner as to cause same to break down and having broken it down, delayed in replacing it with another for such length of time that cement placed in the well became hardened and set."

The cases relied on for conflict are: Conner v. Sanders, 81 Texas 633, 17 S. W. 236; Sisco v. Sklar, 113 S. W. (2d) 999; Heard & Heard v. Kuhnert, 155 S. W. (2d) 817; Thomas v. Meyer, 168 S. W. (2d) 681; Bates v. Stinnett, 170 S. W. (2d) 644; Blanton v. Garrett, 133 Texas 399, 129 S. W. (2d) 623; Compton v. Elliott, 126 Texas 232, 88 S. W. (2d) 91; Alagood v. Coca Cola Bottling Co., 135 S. W. (2d) 1056; Bowers v. Bingham, 159 S. W. (2d) 576; Gulf, C. & S. F. Ry. Co. v. Dunman, 27 S. W. (2d) 116, 72 A. L. R. 90; Labadie v. Hawley, 61 Texas 177, 48 Am. Rep. 278; Metzger Dairies v. Wharton, 113 S. W. (2d) 675; Odom v. Parker, 173 S. W. (2d) 328; Scott v. Gardner, 137 Texas 628, 156 S. W. (2d) 513, 141 A. L. R. 50; Sherrod v. Bird, 155 S. W. (2d) 425; Wichita Falls Traction Co. v. Elliott, 125 Texas 248, 81 S. W. (2d) 659; Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1062.

A careful consideration of the above cases leads us to the conclusion that the Austin Court of Civil Appeals in its opinion deciding the present case did not conflict with any of them. 'A nice distinction between active and passive negligence is illustrated in the case of Metzger Dairies v. Wharton, 113 S. W. (2d) 675.

If the acts above quoted amount to a trespass within the meaning of Subdivision 9 of Article 1995, Vernon's Annotated Civil Statutes, venue lies in the county where the acts were committed.

It has been held that a nonfeasance or a mere negligent omission to perform a duty does not amount to a trespass within the meaning of the statute (Subdivision 9, Article 1995). Ricker, Lee & Co. v. Shoemaker, 81 Texas 22, 16 S. W. 645; Connor et al v. Saunders, 81 Texas 633, 17 S. W. 236.

To constitute a trespass there must be an affirmative act as distinguished from a mere failure to act. Such act need not be

inherently unlawful. It may be inherently right if properly performed, and yet be, if performed in a culpably negligent manner resulting in injury to another, a misfeasance or trespass as to such person. Brooks v. Hornbeck, 274 S. W. 162. It is pointed out in the Brooks case that the rule stated is not in conflict with the case of Connor v. Saunders, 81 Texas 633, 17 S. W. 236. The Brooks case was cited with approval in Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1062. It has been cited by the courts of civil appeals in the following cases: Latta v. Bier, 281 S. W. 240; English v. Miller, 33 S. W. (2d) 477; Wiese v. Becker, 294 S. W. 991; Rigby v. Gaines, 6 S. W. (2d) 422; McCrary v. Coates, 38 S. W. (2d) 393; Brown v. Calhoun, 22 S. W. (2d) 757; Frnka v. Beaumert, 290 S. W. 808; Texas Auto Co. v. Clark, 12 S. W. (2d) 655; Barnes v. Moro, 76 S. W. (2d) 831; Standard Accident Insurance Co. v. Pennsylvania Car Co., 15 S. W. (2d) 1081; Edwards v. Hawkins, 77 S. W. (2d) 1098; Prince v. Miller, 131 S. W. (2d) 1077; Odom v. Parker, 173 S. W. (2d) 328.

It was ruled in the case of Murray v. Oliver, 61 S. W. (2d) 534, that:

"The driving of a heavily loaded truck on a public highway without having it equipped with adequate brakes is not a mere negligent omission of duty. Such acts consist not merely in the failure to equip the truck with adequate brakes, but involves the negligent operation of it in such unsafe condition, which is a positive act of negligence."

The Murray case has been followed by the courts of civil appeals in the following cases: Martin v. Turnbow, 96 S. W. (2d) 730; Edwards v. Hawkins, 77 S. W. (2d) 1098; Evans v. Jeffrey, 181 S. W. (2d) 709.

5 The Austin Court of Civil Appeals made a similar holding in the case of Goodrum v. Hobbs, 60 S. W. (2d) 298, which was also cited with approval in Meredith v. McClendon, 130 Texas 527, 111 S. W. (2d) 1062. In line with these cases it is clear, we think, that the act of "filling the well with liquid cement * * * without having previously set up and connected machinery of sufficient capacity to be used to remove the cement before it became hardened and set" is a trespass within the meaning of the statute and constitutes such an active and positive act of negligence sufficient to fix venue in the county where said acts were committed. It is equally clear that "undertaking to do the work" with equipment known to be insufficient for the purpose

resulting in damages is a positive negligent act and constitutes a trespass within the meaning of the venue statutes. It is also clear that "in operating the first pump in such manner as to cause same to break down" required active or positive acts of the relator and, according to the averments of respondents' pleading as quoted in the opinion of the Court of Civil Appeals, was a concurring cause of the damage of which the respondents complain. It is seen, therefore, that the Honorable Court of Civil Appeals ruled in accordance with the opinions of the Supreme Court, hence no such conflict exists to entitle the relator to the remedy sought.

The order granting relator leave to file the petition for mandamus is set aside and the motion for leave to file is refused. The petition for mandamus is dismissed.

Opinion adopted by the Supreme Court May 9, 1945.