## BAKER et al. v. KNIGHT.
### No. 2744.

Court of Civil Appeals of Texas. Waco.

Oct. 2, 1947.

Samuels, Brown, Herman & Scott, of Fort Worth, for appellants.

Walker & Baker, of Cleburne, for appellee.

HALE, Justice.

This is a joint appeal from an order overruling two pleas of privilege. The controlling questions presented for decision are (1) whether the intentional discharge of cyanide gas in one compartment of a building for the purpose of fumigation, without notice or warning thereof to an occupant of another portion of the building and without taking proper precautions to prevent injury therefrom, constitutes the commission of a trespass within the meaning of Sub. 9 of art. 1995 of Vernon's Tex. Civ.Stats. and, if so, (2) whether the employer of an independent contractor who commits such a trespass in the course of his employment may be held liable for resulting damages.

Appellee instituted the suit out of which the proceedings arose in the district court of Johnson County against appellants, Baker and Gardner, both being residents of Tarrant County, for the recovery of damages alleged to have resulted from their negligence in discharging cyanide gas in a cafe for the purpose of fumigating the same, without notice or warning thereof to him and without taking certain specified precautions to prevent such poisonous gas from escaping out of the fumigated cafe into that portion of the building occupied by him. Appellants seasonably filed their separate pleas of privilege in due form. In his controverting affidavit thereto appellee repleaded fully and in detail the facts upon which his asserted cause of action was grounded and he specifically alleged therein that his suit was based upon a trespass committed in Johnson County by Gardner while acting in the scope of his employment as the agent of Baker. He further alleged in the alternative that if Gardner was not the agent of Baker, the former was acting pursuant to a contract with the latter under the terms of which Baker solicited the business of fumigating the cafe, Gardner performed the work and the two divided the proceeds derived therefrom; that the work to be performed under the contract was of such inherently dangerous nature that it would in the ordinary course of events occasion injury to third persons unless proper precautions were taken to prevent the same and consequently Baker was liable for the wrongful conduct of Gardner to the same extent as if the latter had been acting as the duly authorized agent, servant and employee of the former in the performance of the work upon which he was engaged.

The issues thus joined by the pleadings were tried by the court below without a jury. Although no findings of fact were requested or filed, the evidence was sufficient to show that on March 28, 1946, at about 8:00 o'clock p. m., appellant Gardner discharged cyanide gas in a cafe situated in the downtown section of Cleburne, Texas, for the intended purpose of killing rodents and insects in that portion of the building occupied by the owners of the cafe, without giving any notice or warning thereof to appellee, who was in lawful possession of another portion of the building; that cyanide gas is a deadly poison capable of "killing anything that breathes"; that such poisonous gas, being slightly lighter than air, is reasonably calculated to spread and seep through cracks and crevices in any enclosure wherein it may be released; that some of the gas so discharged in the cafe by Gardner spread through the cracks in the north board wall thereof, through the north wall of the adjoining room and into the premises then in possession of appellee, a veterinarian, who had a number of dogs housed in his kennel; that as a direct result of the poisonous gas escaping from the cafe and seeping into appellee's portion of the building, eight of his dogs were killed during the night and four more were caused to become ill, to appellee's substantial loss

and damage; and that appellants, although experienced users of cyanide gas for purposes of fumigation, aware of its deadly nature and knowing its propensity to spread through holes and cracks, negligently discharged such poisonous gas in the cafe without taking due precautions to prevent its escape therefrom, thereby causing directly and immediately the injury and damages for which recovery was sought.

■ Appellants say in effect that such actionable negligence on their part, if any, as was shown by the evidence, was merely passive in nature, consisting as it did of their omission to perform the duties which they might have owed to appellee, and consequently they assert the evidence was insufficient as a matter of law to show that appellee's suit was based upon a trespass committed by either of them. We cannot agree with the contentions thus urged. While we recognize the well established rule that a mere nonfeasance or negligent omission to perform a duty does not constitute the commission of a trespass within the meaning of the venue statute, we think the established facts of this case are readily distinguishable from the facts set forth in most of the many cases cited by appellants. Under the pleadings and evidence in this case it appears to us that the gist of Gardner's wrongful conduct consisted primarily of his affirmative act in discharging the poisonous gas under the existing circumstances, rather than of his mere failure to notify or warn appellee of his intention to do so or of his failure to take such precautionary measures as might have lessened the probability of injury and damage to appellee as a result of his wrongful act in so discharging such poisonous gas. His failure to perform such duties only tended to accentuate the wrongful nature of his positive act in discharging the poisonous gas under the attendant circumstances. In our opinion the trial court could have found from the evidence that the use of cyanide gas for the purpose of fumigating the cafe would have been extremely dangerous to appellee's dogs even though appellants had exercised a high degree of care to prevent the escape of such gas from the room in which it was discharged. Therefore, we hold the evidence was sufficient to form the basis for a legal inference that appellee's suit was and is grounded upon a trespass committed by appellant Gardner in the county where the suit was instituted. Siegel et al v. Jackson, Tex.Civ.App., 181 S.W.2d 315; Id., 143 Tex. 577, 187 S.W.2d 374; Murray v. Oliver, Tex.Civ.App., 61 S.W.2d 534, error refused; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709.

■ Appellants further say the plea of privilege of Baker should have been sustained even though appellee's suit was based upon a trespass committed by Gardner because they insist that the latter was not the agent of the former in the commission of such trespass but was acting in the performance of his duties as an independent contractor. We overrule this contention. In our opinion, the evidence was sufficient to show that the work which Gardner was engaged to perform for Baker was known to both to be inherently and intrinsically dangerous. That being true, we think the trial court was warranted in concluding that Baker owed an absolute, continuing and nondelegable duty to see that such work was performed with that degree of care which was appropriate to the attending circumstances, including the duty to see that such reasonable precautions were taken during the performance thereof as might have been reasonably necessary or proper to effectually protect appellee against injury resulting therefrom. Hence, under the record before us we cannot say as a matter of law that Baker is not legally liable for the consequences resulting from Gardner's wrongful conduct, even though the relationship existing between them was that of employer and independent contractor. 27 Am.Jur. 517, Sec. 39; 39 C.J. pp. 1331 et seq. Sec. 1540; 23 A.L.R. pp. 1016 et seq.; Cameron Mill & Elevator Co. v. Anderson, 34 Tex.Civ.App. 105, 78 S.W. 8; Cisco & N. E. Ry. Co. v. Texas Pipe Line Co., Tex.Civ.App., 240 S.W. 990, error refused; Loyd v. Herrington, 143 Tex. 135, 182 S.W.2d 1003, pt. 1 and authorities.

Because we have concluded that the evidence adduced at the venue hearing was

sufficient to sustain the material allegations contained in appellee's controverting affidavit, the order appealed from is in all things affirmed.