For answers to certified questions see 225 S.W.2d 411.

## CHILES v. GOSWICK.

### No. 4658.

Court of Civil Appeals of Texas. El Paso.
July 13, 1949.

Rehearing Denied Dec. 21, 1949.

Strasburger, Price, Holland, Kelton & Miller; and Herbert Marshall, Dallas, Max E. Ramsey, Andrews, for appellant.

John J. Watts, Odessa, Pat Beene, Andrews, for appellee.

McGILL, Justice.

This is an appeal from an order of the District Court of Andrews County overruling appellant's plea of privilege to be sued in Midland County, the county of his residence.

Appellee Fred V. Goswick received serious injuries from muriatic acid which was sprayed into his eyes during the acidizing of a well of the Phillips Petroleum Company by appellant H. E. Chiles, Jr., d/b/a The Western Company, on January 9, 1948, in Andrews County. Appellant had been engaged in the business of acidizing wells for ten years, and was doing this particular job under contract with the Phillips Petroleum Company. He furnished the material, equipment and trained personnel for doing the job. His equipment consisted of a normal acidizing unit composed of a large International truck equipped with a high pressure specially built pump with a tank on the truck for hauling muriatic acid, and various fittings and connections necessary to carry the discharge of the pump into the wellhead. On the occasion in question while the acidizing operation was in progress, a check valve in the line or tube between the truck and the well, through which the acid was being pumped, broke or came apart, and acid was sprayed out and hit appellee in his eyes, inflicting serious injury. At the time appellee was standing about twelve feet from the valve. He had been employed to work on the well by another party, but had nothing to do with the acidizing job. He was waiting for this job to be completed before resuming his labor in helping to swab the well.

Appellee filed this suit in the District Court of Andrews County seeking to recover from appellant compensatory damages for the injuries sustained by him as a result of the acid having been sprayed into his eyes. The defendant filed his plea of privilege to be sued in Midland County where he resided. The plea conformed in all respects with Rule 86, Texas Rules Civil Procedure. By his controverting plea, which adopted the allegations of his original petition, plaintiff sought to sustain venue in Andrews County under Section 9, Art. 1995, R.C.S., Vernon's Ann.Civ.St.

Art. 1995, subd. 9, on the ground that defendant had committed a trespass in Andrews County. The specific allegation in both the controverting plea and in the original petition is:

"That the defendant herein was and is guilty of an active trespass within the meaning of said Section, and of active negligence which was a proximate cause of all the damages sued for herein, when said defendant negligently placed 3500 lbs. of pressure on a worn, used and defective line which was not sufficient to withstand said pressure."

Trial was to a jury, and on special findings the court entered an order overruling the plea of privilege.

The special issues and answers thereto which we deem material are:

"No. 1: Do you find from a preponderence of the evidence that the defendant's employees, immediately prior to the time that the check valve came apart, placed 3500 pounds of pressure upon a defective check valve?

"Answer 'Yes' or 'No'.

"Answer: Yes.

"No. 2: Do you find from a preponderance of the evidence that the placing of 3500 pounds of pressure upon a defective check valve, constitutes negligence, as that term has been herein defined?

"Answer 'Yes' or 'No'.

"Answer: Yes."

Special Issue No. 3 found that such negligence was a proximate cause of the check valve being torn apart.

"No. 4: Do you find from a preponderance of the evidence that the defendant's employees knew, or in the exercise of ordinary care should have known that the check valve in question was defective?

"Answer 'Yes' or 'No'.

"Answer: Yes.

"No. 5: Do you find from a preponderance of the evidence that the failure, if any, of defendant's employees, to discover that the check valve in question was defective, constitutes negligence?

"Answer 'Yes' or 'No'.

"Answer: Yes."

Special Issue No. 6 found that such negligence was a proximate cause of the check valve being torn apart.

By appropriate points appellant insists that plaintiff wholly failed to offer any proof of negligence on defendant's part, and that if plaintiff did prove any negligence on his part, such negligence was merely passive, and insufficient to constitute a trespass in Andrews County; hence the court erred in overruling his motion for an instructed verdict and in failing to sustain his plea of privilege.

There is no question but that at the time the check valve broke 3500 pounds of pressure was being applied to the line or tube in which it was incorporated. The witness Holliday, and plaintiff's son, Fred A. Goswick testified that they were looking at the gauge just before the valve split open, or exploded, and saw the gauge register 3500 pounds pressure. This testimony is uncontroverted. Appellant testified that the check valve was manufactured by and purchased from the Continental Supply Company; that it was the best check valve that could be purchased, and was purchased as being in first class shape; that it was tested for 4000 pounds pressure; that the unit he used was a standard 4000 pounds pressure unit; that he constantly inspected and checked his equipment; that he did not rely on the manufacturer's test, but when he bought new equipment he made his own test on such equipment, and was certain he had done so on the equipment used on the occasion in question; that this was the first time, to his knowledge, he had ever had a check valve fail; that the valve was made of steel and was two inches in size; that these valves were checked by putting pressure on them. Plaintiff testified that he saw the check valve in the line while the operation was in progress before it broke, and that it did not look different from any other check valve he had seen; that he saw nothing wrong before the very moment the valve broke. Plaintiff introduced two witnesses who had years of experience in the oil fields; one of them estimated that he had seen 150 or 200 wells acidized in Andrews County and West

Texas and had observed that the amount of pressure that was customarily used was 2500 pounds. The other testified that he had seen 100 or more wells acidized in this area and that the customary pressure applied was 2200 pounds. One of these witnesses conceded that the pressure required to acidize a well would depend somewhat on the gas pressure in the well and whether the formation was the San Andres at 44 feet or the Ellenborough at 10,000 feet. The well which was being acidized on the occasion in question was in the Ellenborough formation. Neither of these witnesses knew how much pressure the equipment used in acidizing the wells which they had seen acidized would withstand, or how much pressure the equipment used by appellant in acidizing the well in question would withstand. Appellant testified that the Phillips Petroleum Company specified the amount of acid they wanted injected in the well and the point in the formation at which they wanted the injection made. There is no evidence that 3500 pounds of pressure was not required to accomplish this result.

We have summarized rather fully the entire Statement of Facts which we have carefully read and re-read. Our conclusion is that there is no evidence of active negligence such as constitutes a trespass within the purview of the Venue Statute, and that therefore the court erred in overruling appellant's motion for an instructed verdict and in overruling his plea of privilege. Apart from the fact that the valve broke there is no evidence of any negligence of appellant. The mere fact that he applied more pressure than was customary in acidizing wells in Andrews County, if he did so, is no evidence of negligence in the absence of a showing that such pressure was not necessary to acidize the well in question or that he knew, or in the exercise of ordinary care should have known that the equipment he used would not withstand such pressure. It is clear that there is no evidence that appellant knew the valve was defective; also that the defect was a latent defect which could only be discovered by applying pressure to the valve. Findings 4 and 5 construed to-

gether can mean only that defendant's employees failed to exercise ordinary care to discover that the check valve was defective, and that such failure was negligence. The disposition of this appeal does not require that we determine whether or not these findings are supported by the evidence or by the doctrine of res ipsa loquitur. If such negligence there was it consists of an omission to perform a duty and not in

"Wrongful acts willfully or negligently committed." Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645, 646.

That affirmative negligence which constitutes a trespass may not be established by the doctrine of res ipsa loquitur has been authoritatively adjudicated. Odom v. Parker, Tex.Civ.App., 173 S.W.2d 328, loc. cit. 331 (par. 3-6), and authorities there cited.

■ We have given careful consideration to the case of Siegel v. Jackson, Tex. Civ.App., 181 S.W.2d 315, and to Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374 in which a writ of mandamus in the Siegel case was denied. In that case the second ground on which venue was sought to be sustained in the county where the negligent acts were committed was:

"2. In undertaking to do the work with a pump or pumps which were known to them, or by the exercise of ordinary care could and would have been known to them, to be wholly insufficient to remove the cement before it became hardened and set."

In this connection the Supreme Court, in Jackson v. McClendon, after pointing out that other acts of the defendants constituted a trespass, said [143 Tex. 577, 187 S. W.2d 376]:

"It is equally clear that 'undertaking to do the work' with equipment known to be insufficient for the purpose resulting in damages is a positive negligent act and constitutes a trespass within the meaning of the venue statutes."

It will be noted that the Supreme Court did not state that "undertaking to do the work" with a pump or pumps which "by the exercise of ordinary care could and would have been known to them to be wholly insufficient to remove the cement before it became hardened and set" would have been a positive negligent act and would have constituted a trespass. Both the opinion of the Court of Civil Appeals and of the Supreme Court cite with approval Goodrum v. Hobbs, Tex.Civ.App., 60 S.W.2d 298. In that case it was stated that negligently permitting the cables operating the shovel to become weakened was merely an omission and without the scope of the statute. It was the negligent operation of the shovel over the truck which constituted affirmative or active negligence. It is not here contended that appellant was negligent in the manner in which he applied the 3500 pounds pressure to the line in which the valve was incorporated. The gravamen of the complaint is that he applied such pressure to a defective valve, a defect which he should and would have discovered by the exercise of ordinary care. If such negligence there was, it consisted of an omission or failure on the part of appellant to do something which it was his duty to do, and did not constitute a trespass. Barron v. James, 145 Tex. 283, 198 S.W.2d 256.

The judgment of the trial court is reversed and judgment here rendered sustaining appellant's plea of privilege, and transferring the cause to the District Court of Midland County.

Reversed and rendered.