## YEARWOOD v. REED.
### No. 4701.

Court of Civil Appeals of Texas.
El Paso.

Jan. 25, 1950.

Rehearing Denied March 1, 1950.

George C. Cochran, John Touchstone, Dallas, for appellants.

Scarborough, Yates, Scarborough & Black, Abilene, for appellee.

PRICE, Chief Justice.

This is an appeal by John P. and F. V. Yearwood, hereinafter called "Year-woods", from a judgment overruling their plea of privilege to be sued in El Paso County, the county of their residence. This case and the case of Yearwood, et al. v. Nichols, Tex.Civ.App., 230 S.W.2d 313, No. 4700 on the docket of this Court, were tried together in the trial court and jointly briefed here. The parties to No. 4701 were R. C. Reed as plaintiff and the Yearwoods were the sole defendants. In said cause No. 4700 in which we have this day handed down an opinion the T&P was a party defendant with the Yearwoods and had a cross-action against them.

This suit grew out of a collision between a truck and trailer driven by the employee of the Yearwoods and a Texas & Pacific Railway Company engine. The accident occurred in the city of Midland at the point of the intersection of Lee Street with the tracks of the said railway. Appellee was a fireman on the engine. There was attached to the truck a tank trailer which contained a highly explosive and inflam-

mable fluid which ignited and exploded when the engine collided with the truck, and thereby appellee sustained painful and serious injuries. A full statement as to the collision and the surrounding circumstances thereof is made in our opinion in the case of Yearwood et al. v. Nichols, No. 4700, to which reference is made.

The petition charged that the Yearwoods were guilty of negligence through the act of their employee in driving the truck with the trailer across and on the crossing when a train was approaching; that such negligence was the direct and proximate cause of the collision resulting in injuries to plaintiff, for which damages were sought.

The Yearwoods filed in due form a plea of privilege to be sued in El Paso County, the county of their residence.

Appellee filed a controverting affidavit in which he invoked Subdivision 9 of Article 1995, R.C.S., as sustaining the venue in Midland County. It is alleged that in driving the truck and trailer on the said intersection in the pathway of the approaching train the Yearwoods committed a trespass within the meaning of said Subdivision No. 9. It might be added that appellee was the fireman on the locomotive colliding with the truck; that by reason of the collision the inflammable liquid took fire and exploded and compelled appellee to leap from the locomotive, whereby he sustained serious personal injuries.

In our opinion a trespass was alleged and likewise there was sufficient evidence to sustain the finding of the trial court that same occurred and was a proximate cause of appellee's injuries. Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374.

The opinion in No. 4700 in the jointly tried case is to a large extent applicable here. The administratrix of the engineer who was killed as a result of the collision is in the same position as the appellee Reed here, who was the fireman on the engine. The only difference lies in the fact that the administratrix jointly sued the Texas & Pacific Railway Company and the Yearwoods as joint tort feasors. Here the Yearwoods are the sole defendants.

In our opinion a trespass was alleged, and likewise there is sufficient evidence to sustain the imputed finding of the trial court that same occurred and was a proximate cause of appellee's injuries. Jackson v. McClendon, supra.

No error appears, and it is ordered that the judgment of the trial court be in all things affirmed.

## On Motion for Rehearing.

McGILL, Justice.

Appellant earnestly insists that we were in error in holding that the record justified an implied finding by the trial court that the truck driver Sammie Garrett knowingly and deliberately drove the truck and trailer in front of the approaching train. Our statement that "the surrounding facts warrant an inference that the driver of the truck had notice of the approach of the train to the crossing" probably warrants the asserted holding. In view of the truck driver's testimony by deposition, which was introduced by appellee, that the first time he saw the train was when his cab was on the track, at which time it was approximately a mile away and that he did not hear the whistle blowing, we have concluded that no implied finding that the driver of the truck knowingly and deliberately drove the truck and trailer on the track in front of the approaching train is justified. Such implied finding is not necessary to affirm our conclusion that the evidence was sufficient to sustain the implied finding of the trial court that a trespass was committed in Midland County as to D. I. Nichols and as to the T. & P. Since Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645, 646 "Wrongful acts willfully *or negligently* committed" have been held to constitute a trespass within the purview of Sec. 9, Art. 1995, R.C.S. (Emphasis ours.) Chiles v. Coswick, Tex.Sup., 225 S.W.2d 411. The evidence unquestionably warrants the implied finding that the truck driver negligently drove the truck and

322

trailer on the track in front of the approaching train. This is all that is necessary to constitute a trespass.

Appellants' motion for rehearing is overruled.