**STARNES et al. v. SUMNERS.**

No. 6154.

Court of Civil Appeals of Texas.
Amarillo.

May 21, 1951.

· Rawlings, Sayers, Scurlock & Daly, Fort Worth, and Syrian E. Marbut, Lubbock, for appellants.

Brummett, Brummett & Salyers, Lubbock, for appellee.

PITTS, Chief Justice.

This is a venue action growing out of a suit originally filed by appellee, J. J. Sumners, against appellants, W. C. Starnes and his minor son, Gadys Wayne Starnes, for alleged damages by reason of an automo-

882

bile collision occurring on or about August 13, 1950, in Lubbock County Texas. Each appellant filed his plea of privilege to be sued in Wilbarger County, Texas, where they both resided. Appellee seasonably filed and presented his controverting pleas seeking to maintain venue in Lubbock County under the provisions of exception 9 of Article 1995, Vernon's Annotated Civil Statutes, by alleging a trespass was committed by appellants against him in Lubbock County within the meaning of the said statute.

It appearing that appellant, Gadys Wayne Starnes, was a minor only 19 years of age, the trial court appointed Honorable Syrian E. Marbut, a practicing attorney at law, to represent the said appellant and proceeded to hear the venue issues without a jury. After the hearing both pleas of privilege were overruled by order of the trial court from which order both appellants perfected their appeal jointly to this court.

The controlling issues to be here determined are (1) whether or not Gadys Wayne Starnes was acting within the scope of his employment as an agent, servant, employee or representative of his father, W. C. Starnes, at the time and place of the collision in question; and (2) whether or not Gadys Wayne Starnes was guilty of any affirmative act of negligence that constituted a trespass in Lubbock County which resulted in appellee's alleged damages.

It is conceded that appellee as plaintiff had the duty of pleading and proving the necessary facts to establish venue but he had the duty to establish by competent proof the necessary facts only to the satisfaction of the trial court, the trier of the facts. Appellee pleaded Gadys Wayne Starnes, at the time of the collision and at all times material thereto, was acting within the course and scope of his employment as agent, servant, employee and representative of his father, W. C. Starnes, and it is presumed that the trial court so found in the absence of any request for findings and none to the contrary found in the record.

We have before us the testimony of both appellants, appellee and his wife, who was riding in the automobile with him at the time of the collision. There is little variance in any of the testimony and therefore little controversy, if any, about any of the facts. The record reveals that at the time of the collision in question appellant, Gadys Wayne Starnes, was unmarried and the minor son of appellant, W. C. Starnes; that Gadys Wayne usually resided with his father and had been working for him most of the time since June 1947, much of which work consisted of driving a truck; that from May 1950 until the date of the collision in question Gadys and one James Jobe were employed by appellant, W. C. Starnes, who was engaged in the "dump truck business"; that the two boys were driving two trucks for Gadys' father in Wilbarger County helping to build a farm-to-market road; that W. C. Starnes had gotten the jobs for them, furnished both trucks and bore all of the operating expenses and the truck drivers were paid for their services out of the proceeds earned and that Gadys Wayne operated a 1942 GMC dump truck, the same one he was operating at the time of the collision in question. W. C. Starnes testified, in effect, that his son Gadys had been working for him most of the time since he had been large enough to work; that Gadys was a dependable boy and he often relied upon Gadys' judgment, permitted Gadys to check on his bank account and trusted him to look after business matters; that in July prior to the collision in question he orally agreed to pay Gadys 25% of the gross earnings of the truck driven by him and to pay him a bonus on the side, if they got along all right, for looking after the other truck, keeping it in operation and seeing that the driver thereof was properly paid; that W. C. Starnes owned both trucks and obligated himself to pay for all operating expenses and that such arrangements existed at the time of the collision in question. The record further reveals that the farm-to-market road in Wilbarger County had been completed early in August of 1950 and W. C. Starnes wanted his truck drivers to find other work even if they had

to go elsewhere to find it; that W. C. Starnes first mentioned a prospective job for the boys at Lamesa, Texas, and arranged with Gadys Wayne to drive his father's 1942 GMC dump truck, which he had been previously driving, from Vernon to Lamesa, Texas, to learn more about the prospective job there for the two trucks similar to the job the boys had been engaged with in Wilbarger County and W. C. Starnes paid all of the operating expenses of that trip; that in the course of the trip made by Gadys Wayne to Lamesa on the said mission the collision in question occurred which resulted in appellee's alleged damages.

■ Appellant, W. C. Starnes, charges that the trial court erred in overruling his plea of privilege and contends that appellant, Gadys Wayne Starnes, who was driving the said truck involved in the collision, was an independent contractor and not an employee of his father, W. C. Starnes. While it appears from the record that W. C. Starnes did permit Gadys Wayne, his trustworthy son, to exercise some discretion in transacting the business, yet W. C. Starnes did not relinquish his own right to control the operation of the business. Under the facts revealed by the record it is our opinion that the trial court was justified in finding and concluding that Gadys Wayne Starnes was engaged within the course of his employment as the agent and employee of his father, W. C. Starnes, at the time and place of the collision in question and that Gadys Wayne Starnes was not an independent contractor at the said time and place. Maryland Casualty Co. v. Kent, Tex.Com.App., 3 S.W.2d 414; Spears Dairy, Inc. v. Bohrer, Tex.Civ.App., 54 S.W.2d 872; King v. Brenham Automobile Co., Tex.Civ.App., 145 S.W. 278; Tex.Jur., 10 Year Supp., Vol. 2, Page 234, Sec. 270; 19 A.L.R. 248.

As a basis for recovery appellee pleaded specific acts of negligence, both active and passive in nature. As a basis for recovery as well as for venue purposes, however, appellee relies on the following alleged acts of affirmative or active negligence committed by Gadys Wayne Starnes as agent and employee of his father, W. C. Starnes:

"(1) In driving such truck into the rear of the automobile in which plaintiff and his wife were riding;

"(2) In driving such motor truck, immediately prior to the collision, at a closer distance to such passenger car than was reasonable and prudent under the conditions and circumstances then and there existing;

"(3) In driving and operating said motor truck at a rate of speed greater than an ordinarily prudent person would have driven and operated the same under the same or similar circumstances;

"(4) In driving such motor truck into and against the automobile in which plaintiff and his wife were riding;

"(5) In failing to have his said truck at the time of and immediately prior to the collision under reasonable control."

The evidence reveals that the collision in question occurred on U. S. Highway No. 87 about five miles south of Lubbock, Lubbock County, at about 4:00 o'clock p. m. on Sunday, August 13, 1950, while both motor vehicles were proceeding north on a straight, level three-lane, paved highway. Appellee was operating his 1938 Chevrolet coupe with his wife, Mrs. Blonda Nettie Sumners, riding with him, in the right-hand lane of the highway, along the extreme right-hand side of the same at a rate of 20 or 25 miles per hour while appellant, Gadys Wayne Starnes, was operating his father's 1942 model GMC dump truck at a speed of about 45 miles per hour following appellee. Appellants' truck overtook appellee's automobile and collided with the back end of the same, knocking appellee's automobile off of the right-hand side of the highway and over a fence where it came to a stop upside down, injuring appellee and his wife and damaging their automobile. Gadys Wayne Starnes testified that he first saw appellee's automobile when he was travelling behind it at a distance of a quarter or a half a mile away; that upon overtaking appellee he started around appellee's automobile, but failed to pull far enough to the left to clear the same and his truck collided with the left rear part of appellee's automobile.

while a part of his truck was about half-way in the middle lane of the highway and the remainder of it was in the right-hand lane of the same; that no other traffic was on the highway at the time and place of the collision and the middle lane ahead of him was clear. The only reason Gadys Wayne gave, for colliding with the back part of appellee's automobile was that he misjudged the rate of speed appellee was driving. He did further testify that he might have dropped off to sleep just before the collision; he did not think he went to sleep but he would not testify that he did not do so. He further testified that he did not sound the horn of his truck when he started around appellee and that he did try to apply his brakes when he was about 100 feet behind appellee's automobile but his brakes did not work well, although they had recently been repaired.

Appellee's testimony corroborated that given by Gadys Wayne Starnes, except that appellee testified that the truck, without any warning, hit his vehicle "straight in the back"; that he saw the truck closely approaching from his rear, view mirror at a speed of apparently 35 or 40 miles per hour, but it was so close to him that the collision occurred before he had time to avoid it; and that no warning of any nature was given him and he did not hear the screeching of any brakes.

In the case of Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098, 1099, it was held that a general order overruling a plea of privilege such as was here entered implied a finding of active negligence such as would constitute a trespass that would support venue in the county where the alleged collision occurred. In that case the operator of a motor vehicle was charged with active negligence by reason of his having overtaken and collided with a motorcycle on which the injured party was riding. The court there said: "A person exercising ordinary care in the operation of a car on a public highway does not ordinarily overtake and collide with another vehicle traveling on the proper side of the road and at a reasonable speed. Such an unusual accident, in the very nature of things, suggests negligence." In that case the court further held that

the negligent operation of a motor vehicle resulting in striking and injuring a person or damaging his property constituted a trespass and many authorities are there cited in support of that rule of law.

The Edwards case has since been many times cited with approval. It was cited and quoted at length by the court in the case of Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, in which active negligence was charged as a result of a truck approaching from behind and colliding with the rear end of an automobile. It was there held that an affirmative act of negligence existed and supported a pleading to the effect that the truck was being operated too closely to the automobile in question. In the case at bar such was one of the alleged acts of affirmative negligence pleaded by appellee.

The Edwards case was one among many cited by the Supreme Court in the case of Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374, holding that an act, though inherently right if properly performed, may be a trespass within the provisions of exception 9 of the venue statute if performed in a culpably negligent manner resulting in injury to another.

In the case of Gaford v. Arnold, Tex. Civ.App., 238 S.W.2d 225, this court recently held that an act of driving a truck at an excessive rate of speed under the existing facts and circumstances resulting in a collision that proximately caused an injury and damages was an affirmative act of negligence that constituted a trespass within the provisions of exception 9 of the venue statute.

By reason of these and many other such authorities it is our opinion that appellee, by his pleadings supported by the evidence, has established active or affirmative acts of negligence under the provisions of the alleged venue statute on the part of appellants by reason of Gadys Wayne Starnes, while acting for himself and as agent for his father, W. C. Starnes, having driven his father's truck into the rear of appellee's automobile and having operated said truck too closely to appellee's automobile and at a negligent rate of speed under the facts and circumstances at the

time and place of the collision. McElyea v. Bowles (McElyea v. Cozby), Tex.Civ. App., 233 S.W.2d 482; J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693. For these reasons the record supports the judgment of the trial court. Appellants' points to the contrary are all overruled and the judgment of the trial court is affirmed.