## W. T. CARTER & BROTHER et al. v. WATTS et al.

### No. 4715.

Court of Civil Appeals of Texas. Beaumont.

Oct. 4, 1951.

Baker, Botts, Andrews & Parish, Houston, M. M. Feagin, Livingston, for appellant.

Campbell & Foreman, Livingston, Fulmer & Fairchild, Nacogdoches, for appellee.

COE, Chief Justice.

This is an appeal from an interlocutory order of the trial court overruling appellants' plea of privilege.

This suit is one for alleged wrongful death instituted by the surviving widow and children of the deceased, Jesse Watts.

Jesse was a Negro man, alleged to have been 56 years of age. He died on January 4, 1950. The appellees alleged that his death was a result of an accident occurring on December 12, 1949, while he was working as a laborer of the appellants. Appellants are W. T. Carter & Brother, a partnership and the individual partners composing such partnership. They are engaged in the business of manufacturing lumber in Camden, Polk County, Texas. Appellees alleged that the appellants did not carry Workmen's Compensation for their employees and the suit is sought to maintain therefor as an ordinary statutory death action based upon alleged negligence. The suit was instituted in the Special Ninth Judicial District Court of Polk County, Texas. After service was had upon the managing partner, the appellants timely filed their joint plea of privilege, alleging residence in Harris County, to which county they asked that the suit be transferred. Thereafter appellees filed their second original amended petition and their first amended controverting affidavit, seeking to maintain venue in Polk County. Issue was joined on the venue question and was heard before the Honorable Ernest Coker, District Judge, sitting without a jury. At the conclusion of the hearing, appellants' plea of privilege was overruled. At the request of appellants, the trial court filed his findings of fact and conclusions of law which are as follows:

### Findings of Fact

"I find from a preponderance of the evidence that W. T. Carter & Brother committed a trespass, and were guilty of active negligence in operating its sawmill at the time the deceased was hurt with live roller belts in motion close to the line shaft, which was being operated with rough and protruding places on it, caused by a weld to said shaft, and without smoothing the same down to a smooth surface, leaving protrusions around the same at that point sufficient to catch a man's clothes and throw him down, which was a direct and proximate cause of the injuries received

by the deceased, resulting in his death; and in this connection, the Court further finds that said belt and shaft were being operated in such close proximity to him that he was likely to get against said shaft at any time, which fact was well known to W. T. Carter & Brother, its agents, servants and employees, at the time and before the same was put in motion in its condition as it was at the time; and, therefore, this Court has jurisdiction of this cause under and by virtue of Exception 9 of Article 1995 of the Revised Civil Statutes of Texas."

### Conclusions of Law

"Venue of this suit is properly laid in the District Court of Polk County, Texas, under and by virtue of the provisions of Exception 9 of Article 1995 of the Revised Civil Statutes of Texas."

The accident, which is the basis of this suit, was alleged to have happened in the following manner:

"Plaintiffs will show that on or about the 12th day of December, 1949, while Jesse Watts, husband of the plaintiff herein Girtie Watts, was an employee of W. T. Carter and Brother and was working in the course and scope of his employment with and for the aforesaid company, he sustained injuries to his head, chest, feet and other parts of his body, which caused his death on or about the 4th day of January, 1950. Plaintiffs will show that the aforesaid injuries were proximately caused by the negligent and careless conduct of his employer, its agents, and fellow employees. Plaintiffs will show that on or about December 12, 1949, the deceased was engaged in performing the duties of his employment at the defendant's hardwood mill in Camden, Polk County, Texas, which duties consisted of manipulating, handling and loading lumber in the process of being transmitted upon a conveying apparatus in the nature of two chain belts which two belts ran parallel to each other and were approximately six or seven feet apart; that the lumber conveyed upon the said chain belts was laid across them and moved thereupon; that running parallel to one of the said chain belts was a long roller pipe approximately 5 inches in diameter and which ran the full length of the aforesaid chain belt; that the said roller pipe was approximately 4 feet from the said chain belt and revolved at a moderate rate of speed in a direction going away from the conveying chain belt; that the aforesaid roller pipe was used for the purpose of sliding lumber from the chain belt and rolling the same onto buggies and trucks; that there was very little distance for an employee to stand between the chain belt and the roller pipe while manipulating, handling and managing lumber, which was being conveyed upon the chain belt and which rolled over the roller onto trucks and buggies; that the distance and comparative safety for one who is engaged in this process is considerably lessened by the fact that the lumber protrudes over the edge of the conveying chain belt at irregular distances according to the length of the lumber which is being conveyed upon the chain belt; that it is necessary for an employee to constantly be upon his guard to keep from being hit by lumber going by him on the conveying chain belt and it is necessary for him to move often times very close to and against the roller pipe; that the aforesaid roller pipe had prior to the date of the accident herein described been broken and had been repaired by welding and by the securing of the repaired portion by bolts which protruded from the surface of the roller pipe approximately one-half inch; that several of these bolts protruded in an even circle the entire circumference of the roller pipe; that these bolts constituted a hazardous and dangerous irregularity upon the otherwise smooth and even surface of the roller since they were likely to, and did in this case, catch upon the clothing of an employee and pull and twist him over the roller; that the defendant herein, its employees, agents, and servants well knew the existence of the aforesaid bolts upon the roller and well knew the hazardous and dangerous condition it presented to employees who worked there; that nevertheless it made no attempt to erect a guard over the bolts, which could have been done

with very little effort upon the part of the defendant herein.

That on or about December 12, 1949, at approximately 11:30 A.M., the deceased Jesse Watts, was engaged as aforementioned in managing, handling and loading lumber between the conveying chain belt and the roller as aforesaid, when his clothes became caught upon one of the aforesaid bolts and he was pulled and twisted over the roller pipe and tumbled over, striking his head on a 2 x 12 board which was on a buggy some distance under the roller pipe, severely injuring his head, chest and feet, from which injuries he died on or about January 4, 1950."

The specific acts of negligence alleged by the appellees against the appellants were as follows: (a) Requiring the deceased to work in an unsafe place; (b) operating the roller pipe without a guard over the bolts; (c) operating a dangerously defective roller pipe; (d) repairing the pipe in such a manner as to have bolts protruding when it could have been repaired without protruding bolts with reasonable effort. That such acts of negligence were the proximate cause of the deceased's injuries and death.

It is the contention of the appellants that the pleadings and the evidence are insufficient to show that a trespass had been committed by the appellants against the deceased in Polk County, giving rise to a cause of action in favor of the appellees against the appellants; that as a matter of law any negligent acts which were plead, proved, found by the court or relied upon by the appellees were all purely passive and inactive and as such, could not be classified as a trespass within the meaning of Section 9, Article 1995 of the Revised Civil Statutes of Texas of 1925, Vernon's Ann.Civ.St. art. 1995, subd. 9.

The books are full of opinions as to what is and what is not active or passive negligence. Therefore, we feel it unnecessary to enter into a long discussion of the matter.

Among many other cases relied upon by appellants to support their contention, is the case of Barron v. James, 145 Tex. 283, 198 S.W.2d 256 in which the Supreme Court held that all of the acts of negligence in that case were passive and not active negligence and therefore did not constitute a trespass in the county where venue was sought to be retained. We are of the opinion that the facts of this case, as found by the trial court and all of such findings having support in the evidence, are controlled by the rules announced in Murray v. Oliver, Tex.Civ.App., 61 S.W.2d 534; Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374, 376. In Jackson v. McClendon, supra, the court cited with approval the holding of the Court of Civil Appeals in Murray v. Oliver, supra, where it was said: "The driving of a heavily loaded truck on a public highway without having it equipped with adequate brakes is not a mere negligent omission of duty. Such act consists not merely in the failure to equip the truck with adequate brakes, but involves the negligent operation of it in such unsafe condition, which is a positive act of negligence", citing a number of cases which follow the Murray case. We are of the opinion that in this case it was not only the passive act of negligence alleged in operating the roller pipe without a guard over the bolts, but it was the operation of a dangerously defective roller pipe which was a positive act of negligence, which the trial court found to be the proximate cause of the injuries and death of the deceased. It was the operation of this dangerously defective roller pipe, over which the deceased had no control, that was found by the trial court to constitute a trespass.

We are of the opinion that the trial court correctly concluded that the pleadings and the evidence were sufficient to establish a trespass under Section 9 of Article 1995, R.C.S., 1925, therefore the judgment of the trial court is affirmed.