## MASSEY v. JONES.

No. 3110.

Court of Civil Appeals of Texas.
Waco.

June 11, 1953.

Crowley, Hudson & Keltner, Fort Worth, for appellant.

Gean B. Turner, Cleburne, Scott, Wilson & Cureton, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Suit was filed in Johnson County by Jones (appellee) against Massey (appellant) for damages arising out of personal injuries alleged to have been sustained by Mrs. Jones, wife of appellee, when the car she was driving was involved in a collision with a truck owned by Massey (appellant) and driven by Jones (appellee). Jones alleges the collision occurred when he attempted to pass a car driven by Mrs. Jones, and the right front portion of the truck driven by him came in contact with the left rear portion of the car driven by Mrs. Jones, and caused her car to overturn, injuring her. Jones further alleges that Massey was guilty of negligence in operating the truck on the highway when not equipped with brakes adequate to control the movement of and to stop and hold the vehicle. Jones was driving the truck but alleges that he was acting as servant, agent and employee of Massey and in the scope of his employment for Massey. Jones alleges that he notified Massey (through his mechanic) prior to the accident that the brakes were defective, and who *told* him that the brakes had been fixed—but in fact they had not.

Massey filed a plea of privilege to be sued in Nueces County, the county of his residence. Jones filed a controverting plea alleging that venue was properly in Johnson County under Subdivision 9 of Article 1995, R.C.S. of Texas, Vernon's Ann.Civ. St. art. 1995, subd. 9, because Massey was guilty of a crime or trespass since the truck was being operated in said county with brakes inadequate to control the movement of the vehicle.

The trial court overruled Massey's plea of privilege, who, as appellant, appeals to this court on 4 points, but which present only the three basic contentions in that the trial court erred in overruling his plea of privilege because: (1) There was no evidence or insufficient evidence to support a finding that he was guilty of any crime or trespass in Johnson County; (2) Appellee's controverting affidavit contained a fatal substantive defect, in that said affidavit is on information and belief and does not allege facts which are true to affiant's own knowledge; (3) Appellee's controverting affidavit fails to allege that appellant committed a crime in Johnson County, Texas.

■ Appellee has the burden to establish the venue facts. The dominant purpose of our venue statutes is to give a person who has been sued the right to defend such suit in the county of his residence, except under well-defined exceptions to Article 1995, and the burden rests upon the plaintiff in such action to allege and prove the case comes within the exception. See: Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Couch v. Schley, Tex. Civ.App., 255 S.W.2d 885.

■ It is well settled that to constitute a trespass under Subdivision 9 of Article 1995 there must be an affirmative act of negligence, as distinguished from a mere omission of duty. Lyle v. Waddle, 144 Tex. 90, 188 S.W.2d 770; Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374.

■ However, the operation of a truck on the highway without adequate brakes is a trespass within the purview of Subdivision 9, Article 1995. Jackson v. McClendon, 143 Tex. 577, 187 S.W.2d 374; Murray v. Oliver, Tex.Civ.App., 61 S.W.2d 534.

It is undisputed in the case at bar that Jones (appellee) was the servant, agent and employee of Massey (appellant) and acting within the scope of his employment.

■ The rule is that the order and judgment of the trial court cannot be set aside if there is *any* evidence of a probative value to support it. It is therefore only necessary to determine whether there is *any evidence* of probative value to support the holding of the trial court to the effect that a trespass did occur in Johnson County.

■ The appellee testified, that the night before he left on the trip on which the accident occurred, he told appellant's mechanic that something was wrong with the steering apparatus of the truck; that he left the truck overnight to be fixed; and that thereafter the appellant's mechanic told him that the brakes caused the trouble and that they were now fixed. The appellee further testified that the brakes were defective; that something was wrong with the brakes; that something was wrong with the right front brake. While it may be true that the appellee, on cross-examination, said he didn't know what caused the trouble—that he believed that it was defective brakes, and perhaps otherwise generally weakened his direct testimony, the trial judge heard all of the testimony; he observed the demeanor of the witnesses; and he is the judge of the credibility of the witnesses and the weight to be given their testimony. In the case at bar it was the trial judge's judgment that the testimony *was* sufficient to sustain the existence of a trespass in Johnson County, Texas. Under the record made we are unable to say that there is *no* testimony or evidence of a probative nature supporting the trial court's judgment. Neither can we say that the evidence is insufficient as a matter of law to support the finding and judgment of the trial court.

■ As to appellant Massey's second and third basic contentions that plaintiff's controverting affidavit contains a fatal substantive defect in that it is on information and belief, and that it fails to allege that appellant committed a crime in Johnson County—it is our view that since appellant did not except to plaintiff's controverting affidavit, pointed out no defects therein to the trial court, and did not object to evidence on the ground that the controverting plea was insufficient, and now complains for the first time of these matters on appeal, that he has waived them. See: Rule 90, Texas Rules of Civil Procedure; Brooks supply Co. v. First National Bank, Tex.Civ. App., 242 S.W.2d 956; Hamilton v. Jenkins, Tex.Civ.App., 235 S.W.2d 195.

Appellant's first amended original petition, adopted as a part of the controverting plea, affirmatively states that the occurrences took place on State Highway 177, approximately 8½ miles south of Cleburne *in Johnson County, Texas.*

All of appellant's points are overruled and the judgment of the trial court is affirmed.