### EUBANKS et al. v. HOPKINS.
### No. 5778.

Court of Civil Appeals of Texas. Amarillo.

May 19, 1947.

Rehearing Denied June 23, 1947.

Wynne & Wynne, of Wills Point, for appellants.

Enoch Fletcher, of Grand Saline, for appellee.

LUMPKIN, Justice.

This appeal is from an order of the trial court overruling appellants' pleas of privilege to be sued in Van Zandt County, Texas, the county of their residence, instead of Kaufman County, Texas, where, appellee contends, venue was fixed by Article 1995, Subdivision 9, Vernon's Annotated Civil Statutes.

The case was filed in the District Court of Kaufman County for damages arising out of a collision between an ambulance owned by appellants, Lee Eubanks, Lucia M. McDonald and Wayne Dawson, a partnership, and a station wagon owned and operated by appellee, George C. Hopkins. At the time of the accident, which occurred in Kaufman County, appellant Dawson was driving the ambulance.

The appellee in his original petition alleges various acts of negligence on the part

278

of the appellants. To this petition each of the appellants filed a plea of privilege to be sued in Van Zandt County. In order to sustain venue by showing a trespass within the meaning of Article 1995, Subdivision 9, the appellee filed to each of the pleas of privilege a controverting affidavit in which the various acts of negligence, as alleged in the original petition, were repeated. Trial was before the court, at the conclusion of which appellants' pleas of privilege were overruled. The appellants gave notice and perfected their appeal to the Court of Civil Appeals at Dallas, whence it was transferred to this court by the Supreme Court of Texas.

It is the contention of the appellants that in cases of this nature the burden is upon the appellee to plead as well as prove the facts necessary to confer venue on the District Court of Kaufman County as against appellants' pleas of privilege. As an exception to the statute placing venue in the county of the defendant's domicile, Article 1995, Subdivision 9, states: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed * * *".

In its findings of facts and conclusions of law, which were filed at appellants' request, the trial court found that at the time of the collision appellant Dawson, in moving a patient from Wills Point to a hospital at Terrell, was driving an ambulance westward on Highway 80 in Kaufman County; that appellee Hopkins was driving a station wagon westward on Highway 80 and was in front of appellants' ambulance; that appellee stopped the station wagon when he reached the rear of a school bus as it was receiving and discharging passengers; that the ambulance was being driven at a speed of between forty and forty-five miles per hour; that the appellant Dawson did not observe that the station wagon had stopped until he was about seventy-five feet behind it; that before the station wagon stopped the ambulance had been following it for about one or two miles, both traveling at about the same rate of speed; that at the time appellee stopped the station wagon he made no hand signal as to his intention; that the right hand lane of traffic going eastward was clear of traffic at the time and place of the collision; that as the appellant Dawson attempted to drive around the station wagon, the ambulance skidded and struck the left rear of the station wagon, causing physical injuries to the appellee and damaging the station wagon in the sum of $1,250.00; that the damage to the appellee and the station wagon was the proximate result of the collision; that the station wagon was on its proper side of the road when the collision occurred, and that the driver of the ambulance had not seen the school bus before the collision ocurred.

The trial court concluded that under the facts the venue of the cause was properly laid in Kaufman County.

Further it appears from the evidence that at the time of the accident the weather was misty, the pavement was wet, and appellant Dawson's brakes were in a proper working condition.

■■ At the time of this trial the court probably did not have the benefit of our Supreme Court's latest announcement on the subject of venue in cases of this nature. In Barron v. James, 198 S.W.2d 256, the Supreme Court has laid down the rule that unless there is evidence tending to prove an affirmative act of negligence on the part of a defendant, as distinguished from an omission to perform a duty, then the trespass is not proved and the venue remains in the county of the defendant's domicile; and the plaintiff has the burden of proving as well as pleading the facts necessary to prove venue.

■ Negligence involves a failure of duty. It consists of acts or omissions. If the duty is breached by an act of negligence, affirmative in character, a trespass may exist; if the breach is negative, a trespass does not exist. When the trial court found that the appellant Dawson, while driving the ambulance, "did not observe the station wagon stopped until he was about seventy-five feet behind it," we assume that the trial court had concluded that the appellant Dawson failed to keep a proper lookout and that this act or failure on the part of the appellant Dawson constituted a breach of duty, an omission to do that which it was his duty to do—not doing that which it was his duty not to do. Barron v. James,

supra; Metzger Dairies v. Wharton, Tex. Civ.App., 113 S.W.2d 675; Jackson v. Mc-Clendon, Chief Justice et al. 143 Tex. 577, 187 S.W.2d 374. If this is what the trial court thought, and this is borne out by the evidence, then appellee failed to discharge the burden of showing affirmatively that the appellants were guilty of a trespass.

The appellee argues that if venue is not conferred on the District Court of Kaufman County by virtue of an act of negligence, it is by a violation of Article 827a, Section 8, Paragraph 3, of Vernon's Penal Code, which provides "that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, * * * or when special hazards exist with respect to * * * traffic or by reason of weather or highway conditions; and speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance * * *".

The evidence fails to reveal that the ambulance was being driven recklessly or at an unlawful rate of speed. The trial court did not find and we do not believe that the ambulance was being driven in violation of the Penal Code.

A careful review of this case convinces us that the court erred in overruling appellants' pleas of privilege. Therefore, the order of the court below is reversed and the cause is remanded to the District Court of Kaufman County with instructions to transfer it to the District Court of Van Zandt County.