## R. P. LIGHTFOOT CO. v. HART.

### No. 2871.

Court of Civil Appeals of Texas. Waco.

Nov. 3, 1949.

Rehearing Denied Dec. 1, 1949.

Witt, Terrell, Jones & Riley, Waco, W. Lance Corsbie, Waco, for appellant.

Owen F. Watkins, Mexia, for appellee.

TIREY, Justice.

This is an appeal by R. P. Lightfoot Company from an order overruling its plea of privilege to be sued in Tarrant County, the county of its residence.

First Point: "The court erred in overruling appellant's plea of privilege because there is no competent evidence proving or tending to prove that appellant was guilty of affirmative acts of negligence such as to constitute a trespass proximately causing injury or damages to appellee in Limestone County, Texas." We think this point must be sustained.

The action arose out of a collision at a street intersection in which collision appellee's minor son operated his father's auto-

mobile into the right side of appellant's tank truck near its rear end. Appellee pleaded a trespass under Sections 9 and 23 of Art. 1995, Rev.Civ.Stats., Vernon's Ann. Civ.St. art. 1995, subds. 9, 23, but there is no contention that venue can be sustained under Section 23 and it passes out of the case.

Pertinent to this discussion appellee alleged substantially that appellant's vehicle was being driven at an unusual, excessive and reckless rate of speed and in excess of fifty miles per hour; that the driver of appellant's truck failed to keep a proper lookout, failed to yield the right-of-way, failed to stop or slow down, and failed to exercise due care; that appellant's car was being driven so as to endanger the life and property of other persons using said street; that the driver of the truck was driving and operating the same "after drinking to overindulgence of spiritous * * * liquors * * * the said driver * * * was under the influence of said liquors" at the time of the accident. This accident occurred about 10:00 P.M., December 13, 1948, at the intersection of Paris and Palestine Streets in the City of Mexia, Limestone County, Texas. Paris Street extends in a northerly and southerly direction; Palestine Street extends in an easterly and westerly direction. Appellant's truck was going south on Paris Street and appellee's car was proceeding in an easterly direction on Palestine Street; that there were no stop signs or traffic lights at the intersection but there was an overhead street light. Palestine Street was paved and Paris Street was paved at the intersection.

Appellee's son testified to the effect that he and other companions were proceeding in an easterly direction on Palestine Street just prior to the accident; that he glanced at his speedometer in the middle of the block just before the collision and that he was going thirty miles per hour; that as he approached the intersection of Paris and Palestine Streets he did not see anyone and that the houses along the street blocked his view to some extent, but the road was clear ahead of him; that appellant's truck came from the north and when he first saw

the truck it was right in front of him and he was on his right side of the street, and that the truck was being driven at a slow rate of speed and that he applied his brakes.

"Q. Did you make any effort to try to miss the truck? A. Yes, I saw he was going to hit me and I tried to turn to the left in back of the truck.

" * * * What did the driver of the truck do? A. He just kept going. He didn't stop." That when he first saw the truck it was twenty-five yards at least away from him;

"Q. * * * when you saw this truck, Johnnie, it was across the road in front of you and you knew you had to do something? A. Yes.

"Q. Did you apply your brakes immediately. A. Yes. * * * I could have stopped if the pavement wasn't wet.

"Q. Was it the fact the pavement was wet that caused you to hit the truck? A. I think it was partly the cause of it.

"Q. You did run into the truck? A. Yes.

"Q. And you hit it on the right side, right rear end of it? A. I hit the back wheels. * * *

"Q. How fast did you say the truck was going when you saw it? A. I guess about five miles an hour.

"Q. It was going very slow, wasn't it? A. Yes, sir. * * *

"Q. * * * the truck was going five or six miles an hour and it was practically across the intersection when you saw it and you were traveling thirty miles an hour, how far back up the street had you been when the truck entered the intersection, you must have been half a block? A. Yes, sir.

"Q. Then you were at least half a block when the truck entered the intersection, is that your best estimate? A. Yes, sir."

Dave Claridge, a peace officer, testified to the effect that he went to the scene of the accident about ten minutes after it happened; that he didn't see any sign of where the truck had skidded; that he saw skid marks made by the automobile for a distance of about thirty feet; that the

car was against the truck; that the truck was extending some four to six feet into the intersection and that it was on the south side of Paris Street and was over past the middle.

Bill Lewis testified to the effect that he was in a car on the west side of Paris Street (ten feet from the intersection) with the front of the automobile pointed in a southerly direction; that he was facing the back and was sitting where he could see both vehicles approaching and neither made any attempt to stop; that the blocks of the street are approximately 100 yards long; that when he observed the cars the truck was about the middle of the block running approximately fifteen miles per hour; that appellee's car was about fifty yards from the intersection traveling at a rate of speed between twenty-five and thirty miles per hour; that the driver of appellee's car applied his brakes and struck the truck at the back wheels; that the truck driver did not increase his speed before or after the collision and that he stopped because of the impact.

 It is well settled that in order for appellee to sustain venue in Limestone County he had the burden of both pleading and proving that a crime, offense or trespass had been committed in Limestone County. Barron v. James, 145 Tex. 283, 198 S.W.2d 256, 260, points 7–8. See also Eubanks v. Hopkins, Tex.Civ.App., 203 S.W.2d 277, points 1–2, 3–5 incl.; Jackson v. McClendon, Chief Justice, 143 Tex. 577, 187 S.W.2d 374, points 6–7, opinion adopted by S.Ct. We have carefully reviewed all of the evidence and it is our opinion that it did not tender the issue that appellant was operating the truck at a high and reckless rate of speed, nor in excess of fifty miles per hour, nor did it tender any issue that the truck driver had committed a crime, offense or trespass in Limestone County. The evidence tendered shows without dispute that appellant's truck was proceeding in a southerly direction at a slow rate of speed and that at the time the truck entered the intersection of Palestine and Paris Streets the automobile of appellee was approaching the intersection,

otherwise, under the undisputed evidence as to the rate of speed that each vehicle was traveling the collision would not have occurred; that when the driver of appellee's car observed the truck appellee's car was proceeding on Palestine Street in an easterly direction on the right side of the street and that when the driver looked up he saw the truck at the intersection in front of him, which could mean only that a part of the truck at least had already passed the center of the intersection and was leaving the intersection of these streets at the time of the collision; that the driver of appellee's car applied his brakes immediately and skidded some thirty feet and struck the right rear wheels of the truck. The driver of the truck did not slacken or increase his speed and did not stop until his truck was hit and it was caused to stop by the impact of the blow. There is no evidence that the truck driver did any active act or acts of negligence that caused the driver of the automobile to collide with his truck. From what we have said it is obvious that appellee wholly failed to carry the burden showing that the collision resulted from an active act or acts of negligence of the truck operator as discussed by our Supreme Court in Barron v. James, supra, and other cases here cited. Moreover, Art. 6701d, sec. 71, subd. (a), provides: "The driver of a vehicle approaching an intersection shall yield the right-of-way to a vehicle which has entered the intersection from a different highway." Since the evidence is without dispute that the truck was proceeding at a much slower rate of speed than appellee's car and that the truck had entered the intersection when appellee's car was approaching the intersection, we think appellee wholly failed to carry his burden of showing that the truck driver was guilty of active negligence.

Because of the views here expressed, further discussion of the evidence would be of no avail.

The judgment of the trial court is reversed and the cause is remanded to the district court of Limestone County with instructions to transfer it to one of the dis-

trict courts of Tarrant County, Texas, as provided in Rule 89, Texas Rules of Civil Procedure. All costs to date, together with subsequent costs incurred in the transfer of this case to one of the district courts of Tarrant County, are taxed against appellee.